SHELLY KYLENE BENSON, AKA SHELLY KYLENE OSGOOD, A MINOR, BY ARLENE OSGOOD, HER GUARDIAN AD LITEM, AND ARLENE OSGOOD AND WALTON C. OSGOOD, IN THEIR INDIVIDUAL CAPACITIES, PETITIONERS, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE JOHN F. MENDOZA, JUDGE THEREOF, RESPONDENTS.

No. 5646

May 27, 1969                    454 P.2d 892

[Rehearing denied June 30, 1969]

*Gregory & Gregory,* of Las Vegas, for Petitioners.

*Cromer and Barker,* of Las Vegas, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

This is an original proceeding in mandamus asking this court to order the district judge to vacate an order quashing the service of process on Heck's, Inc., a party defendant in an action pending in the Eighth Judicial District Court wherein the petitioners are plaintiffs.

Heck's, Inc. operates a retail chain of nine dry-goods stores in West Virginia. Mrs. Henry Benson, the grandmother of Shelly Kylene Benson, resides at Morgantown, West Virginia, where she purchased a dress from one of the Heck's, Inc. stores in September 1967 with the express purpose of sending it to Shelly, who resides in Las Vegas. Shelly received the dress, and on October 10, 1967, while wearing it, she brushed against an electric burner in her parents' home. The dress exploded in flames and the child was severely burned. Damages for the injury are sought from Heck's, Inc. Liability based on breach of warranty, strict liability, and negligence are alleged. Heck's, Inc. was served in West Virginia pursuant to

Nevada's long-arm statute, NRS 14.080.[1] Heck's, Inc. filed a motion in district court to quash the service of process, coupled with a motion to dismiss. The district judge granted the motion to quash, and hence this appeal.

1. A threshold issue presented for our consideration is the respondents' contention that mandamus will not lie because the facts which are the basis for the action are in substantial dispute. It is settled law in Nevada that: "In a case where the district court takes jurisdiction and acts, its acts will not be subject to review by a writ of mandate, but where such tribunal refuses to take jurisdiction at all, when by law it ought to do so, or where having obtained jurisdiction it refuses to proceed in its exercise, *mandamus* is the proper remedy. Errors committed in the exercise of judicial discretion cannot be made the subject of review, nor can they be corrected by a writ of *mandamus,* but where a district court erroneously decides that it has no jurisdiction, the writ of *mandamus* is the proper remedy to compel that tribunal to do that which the law prescribes it should do—assume jurisdiction and proceed with the cause." Floyd v. District Court, 36 Nev. 349, 352, 135 P. 922, 923 (1913). See State ex rel. Howe v. Moran, 37 Nev. 404, 142 P. 534 (1914); State ex rel. Swisco, Inc. v. District Court, 79 Nev. 414, 385 P.2d 772 (1963). Since mandamus is proper, we turn to consider the petition on its merits.

---

[1]NRS 14.080. "Products liability: Service of process on foreign manufacturers, producers, suppliers.

"1. Any company, firm, partnership, corporation or association created and existing under the laws of any other state, territory, foreign government or the Government of the United States, which manufactures, produces, makes, markets or otherwise supplies directly or indirectly any product for distribution, sale or use in this state may be lawfully served with any legal process in any action to recover damages for injury to person or property resulting from such distribution, sale or use in this state in the manner prescribed in this section.

"2. Service of process as authorized under the provisions of subsection 1 shall be accomplished:

"(a) By delivering a copy of such process to the secretary of state; and

"(b) By mailing to the last-known address of the company, firm, partnership, corporation or association, by registered mail return receipt requested, a copy of the summons and a certified copy of the complaint.

"3. In all cases of such service the defendant shall have 40 days, exclusive of the day of service, within which to answer or plead.

"4. This section provides an additional manner of serving process and does not invalidate any other service."

2. Petitioners, in seeking a writ of mandate, assert that Heck's, Inc. is a foreign corporation doing business within the purview of NRS 14.080, supra, and that when Heck's, Inc. was served with process, as provided in subsection 2 of that statute, service was complete and jurisdiction acquired. We need not decide that issue. The record shows that Heck's, Inc. coupled a motion to quash service of process with a motion to dismiss the action, thus entering a general appearance within the doctrine announced in Barnato v. District Court, 76 Nev. 335, 353 P.2d 1103 (1960), and Selznick v. District Court, 76 Nev. 386, 355 P.2d 854 (1960). Since petitioners have entered such a general appearance, any consideration of the scope of Nevada's long-arm statute, NRS 14.080, supra, is irrelevant. In Barnato, this court said, at 339:

"The Nevada Rules of Civil Procedure contain Rule 84 but some of the forms contained in its Appendix of Forms differ materially from those in the federal Appendix of Forms. In particular, Form 19 of the Nevada Appendix of Forms deletes entirely the form for a motion to dismiss an action for improper service of process. In this connection the Advisory Committee Notes relating to Rule 12(b) which follow the Rules and Forms, state: 'The federal rule is further revised to provide that the defenses of lack of jurisdiction over the person, of insufficiency of process, and of insufficiency of service of process, are waived if joined with one or more defenses other than those defenses, or by further pleading after denial of such defenses. This, in substance, is intended to retain existing practice on motions to quash * * *. Cf. Sec. 8573, N.C.L. 1929.'

"It appears to us that the Advisory Committee intended to retain the practice of employing motions to quash service of process and not to adopt the federal rule permitting motions to dismiss in cases of defective service. While we are not bound by the Committee's intentions, we do feel that the situation existing in this state requires an interpretation of Rule 12(b) consistent with the Advisory Committee's intentions." (Footnote omitted.)

The order of the district court is reversed. Mandamus shall issue, and the district judge is directed to assume jurisdiction.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.