EDMUND C. MOORE, APPELLANT, *v.* ROBERT W. SHRECK, M.D., RESPONDENT.

No. 16030

April 9, 1986                                    717 P.2d 49

*Cochrane & Rose,* Las Vegas, for Appellant.

*Barker, Gillock & Perry,* and *Jerry Busby,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Moore's complaint against Shreck for medical malpractice was dismissed by the district court for failure to serve the summons in a timely manner. Moore waited nineteen months from the time

the complaint was filed until the summons was served. Shreck filed a motion to dismiss the action urging as grounds the failure to effect timely service. The motion was granted and Moore appeals the dismissal of his law suit.

This court has great sympathy with the action of the trial court and its decision to dismiss an action which clearly was not prosecuted with diligence. It is with reluctance that we reverse under these circumstances and do so only because we have concluded that such drastic action as complete dismissal of an entire law suit should not be allowed absent a rule or statute setting a specified period of time within which service must be completed. Such is the case, for example, with NRCP 41(e) with its specified two-year and five-year limitation periods, and more relevant to this case, the 120-day period within which a summons and complaint must be filed in the federal courts under FRCP 4(j).

It is not that the trial court acted unreasonably that brings us to the stated conclusion but rather that counsel in this case and comparable cases have not been afforded fair notice that failure to make timely service will of itself provide grounds for dismissal.

Although the practice of delay in effecting summons service is not to be approved, we do recognize that such a practice has been engaged in on a fairly widespread basis. We intend to stop this practice by amending NRCP 4 to require service of the summons and complaint to be served upon a defendant within 120 days after the filing of the complaint. The rule amendment is issued contemporaneously with this opinion. Our decision in this regard renders it unnecessary to discuss the case law cited by the parties.