THELMA DOMINO, Appellant, *v.* JOHN D. GAUGHAN and ROBERTA GAUGHAN dba GOLD SPIKE HOTEL AND CASINO, Respondents.

No. 18033

December 22, 1987                              747 P.2d 236

*Sabbath and Christensen* and *Kurt D. Anderson,* Las Vegas, for Appellant.

*Alverson and Taylor* and *David J. Mortensen,* Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

This is an appeal from an order of the district court dismissing appellant's complaint without prejudice for failure to effect service of summons and complaint within 120 days pursuant to NRCP 4(i). Because we conclude that appellant demonstrated good cause for her failure to effect timely service, we reverse the order of the district court.

On June 27, 1986, appellant filed a complaint against respondents alleging that she had been injured while staying at respondents' casino on June 30, 1984. Appellant did not effect service of process until November 5, 1986, nine days after the expiration of the 120 days allotted for service in NRCP 4(i).[1] On December 12, 1986, respondents moved to dismiss appellant's complaint for failure to effect timely service of process. Appellant opposed respondents' motion; however, on January 22, 1987, the district court dismissed appellant's complaint. Although the dismissal was without prejudice, it was, in effect, a dismissal with prejudice because the applicable statute of limitations had run.

In the instant case, our review of the record reveals that appellant's counsel agreed to file the complaint at the request of, and as a favor to, appellant's California counsel with the express understanding that California counsel would arrange to have different Nevada counsel handle the remainder of the litigation. With this in mind, appellant's Nevada counsel returned appellant's case file to California counsel. Evidently, in the three months that California counsel retained the file, California counsel could not arrange for the substitution of Nevada counsel. Consequently, California counsel asked Nevada counsel, an admittedly inexperienced, young attorney, to effect service of process.[2] California counsel returned the file to Nevada counsel

---

[1] NRCP 4(i) states:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

[2] Appellant's Nevada counsel was admitted to the Nevada Bar on October 1, 1984.

ten days before the expiration of the 120-day time limitation. Due to a combination of apparent difficulties with the summons, difficulty in communications with California counsel, and the absence of Nevada counsel from his office in part due to illness, service was not attempted until October 27, 1986. Counsel did, however, attempt to serve process within the time allowed, and service was repeatedly attempted until counsel successfully served process upon respondents nine days later. Further, we note that the delay in service occasioned no prejudice to respondents. Under the particular facts and circumstances of this case, appellant demonstrated good cause for her failure to serve process within the 120 days mandated by NRCP 4(i). Accordingly, we conclude that the district court abused its discretion in dismissing appellant's complaint. *See* Whale v. United States, 792 F.2d 951 (9th Cir. 1986) (the decision to dismiss a complaint for failure to effect timely service of process is one that lies within the sound discretion of the district court).

Because we have concluded that appellant demonstrated good cause for her failure to effect timely service of process, we need not decide whether the district court erred in failing to grant an enlargement of time within which to effect service pursuant to NRCP 6(b). For the reasons expressed above, we reverse the order of the district court and remand this matter for further proceedings.