WILLIAM DALLMAN, JR., Appellant, v.
MARK MERRELL, Respondent.

No. 20963

December 27, 1990                                    803 P.2d 232

*Digesti & Peck,* Reno, for Appellant.

*White, Guinan, Kahan & Young,* and *Terrence Shea,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On June 16, 1989, appellant William Dallman, Jr. filed in the district court a complaint against respondent Mark Merrell, Hallman Chevrolet, Inc., a Nevada corporation, and Does 1-50. Dallman and Merrell had both been employed as automobile salesmen by Hallman Chevrolet. Dallman served Hallman Chevrolet with the summons and complaint on June 20, 1989.

Dallman did not serve Merrell at this time because he could not locate him. Dallman had attempted to locate Merrell through the telephone directory, a city directory and a process server. On August 4, 1989, Hallman Chevrolet filed an answer. Trial was scheduled for September 24, 1990.

In January of 1990, Dallman retained new counsel, who discovered that Merrell had not been served and that Hallman Chevrolet did not intend to defend Merrell. A private investigator obtained the address of Merrell's residence in Reno through auto salesmen and drivers license records of the Department of Motor Vehicles. On February 1, 1990, 230 days after the complaint was filed, Dallman served Merrell with an alias summons at Merrell's residence.

Merrell moved to dismiss because service had not been accomplished within 120 days of the filing of the complaint, as required by NRCP 4(i). Dallman opposed the motion. The district court found that Dallman had not shown good cause for the failure to serve process within 120 days of the filing of the complaint, and that some prejudice to Merrell would result from the delay. On March 13, 1990, the district court entered an order granting the motion to dismiss, without prejudice. *See* NRCP 4(i). Thereafter, pursuant to a stipulation of the parties, the district court certified its order as final under NRCP 54(b). This appeal followed.

Dallman contends that the district court abused its discretion in granting the motion to dismiss. NRCP 4(i) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Dallman filed his complaint on June 16, 1989, but did not serve Merrell until February 1, 1990, 230 days later and 108 days after the period provided in NRCP 4(i) had expired. Dallman contends that his initial inability to locate Merrell and his plan to obtain Merrell's address from Hallman Chevrolet through discovery constitute good cause for the failure to effect timely service of process. We note, however, that Merrell's address could easily have been obtained earlier. Specifically, Dallman later obtained Merrell's address through the automobile salesmen and drivers license records of the Department of Motor Vehicles. Also, Merrell's address was listed at the Washoe County Assessor's Office. Dallman explains that he did not know that the search for Merrell could be limited to Washoe County. The records of the

Department of Motor Vehicles and of Washoe County, are, however, an obvious place to begin looking for a former Reno automobile salesman. The district court properly found that Dallman did not show good cause for his failure to timely effect service of process.

Previously, we excused an untimely service of process because service was effected only nine days after expiration of the period provided in NRCP 4(i), good cause was shown for the delay, no prejudice resulted, and other extenuating circumstances were present. *See* Domino v. Gaughan, 103 Nev. 582, 747 P.2d 236 (1987). In this case, however, in view of the delay in serving process of 108 days past the time provided in NRCP 4(i), the failure to show good cause for the delay, and the finding of prejudice, we conclude that the district court properly granted the motion to dismiss. Accordingly, we affirm the order of the district court.