PENNY COLLEEN DOUGAN, Appellant, v. ROY GUS-
TAVESON, JOAN GUSTAVESON, LILLIAN F. LAMPI,
CARL A. LAMPI, RICHARD McMILLIAN, Individu-
ally and Doing Business as GLM PARTNERSHIP
and LAKE TAHOE ACCOMMODATIONS, Respond-
ents.

No. 21803

August 5, 1992                    835 P.2d 795

*Laura Wightman FitzSimmons,* Las Vegas, and *Michael Allen
Laub,* Zephyr Cove, for Appellant.

*Vargas & Barlett,* Reno, *Nicholas Frey,* Reno, and *William B.
Cherry, Jr.,* Stateline, for Respondents.

**OPINION**

*Per Curiam:*

Appellant Penny Dougan filed a complaint for personal injuries against the respondents. Upon the respondents' motions, the district court dismissed the complaint for failure to serve the summons and complaint within 120 days and failure to comply with the requirements of NRCP 16.1, regarding mandatory pretrial discovery. We conclude that dismissal was unwarranted and reverse.

*Facts*

On May 8, 1987, Dougan attended a party at a residence owned by three couples under the name of GLM Partnership (GLM) and Managed by Lake Tahoe Accommodations (LTA). Dougan, then nineteen years old, alleges that she was injured while a guest at the residence when the upstairs loft, occupied by several other guests, collapsed and fell on her.

Shortly before the statute of limitations ran, on May 2, 1989, Dougan filed a complaint against the respondents seeking damages for personal injuries suffered in the accident. Dougan later filed an amended complaint on August 29, 1989. The GLM partners were served with the summons and complaint between September 2, and September 7, 1989 (slightly over 120 days after the complaint was filed). LTA was served on September 7, 1989.

In September 1989, Dougan accommodated requests by the insurers of GLM and LTA to grant the latter entities an open extension of time within which to answer the complaint. On May 14, 1990, Dougan sent a demand letter to LTA's insurance company, detailing Dougan's injuries and offering to settle the claim with LTA for $50,000. Three days later, Dougan withdrew the offer to settle and the open extension of time, and requested that LTA file an answer.[1]

---

[1]Apparently, Dougan also withdrew GLM's extension at this time, although the record does not contain any such communication.

LTA filed its answer on June 26, 1990; GLM answered on July 6, 1990 and asserted claims against LTA and the tenants who occupied the residence at the time of the accident. LTA filed an amended answer and cross-claim against GLM on July 16, 1990, followed by a claim against the tenants later in the following month.

On August 24, 1990, LTA filed an NRCP 4(i) motion to dismiss Dougan's complaint for failure to serve LTA within 120 days of filing the complaint. The motion also sought dismissal under NRCP 16.1, for failure to hold an early case conference and submit a case conference report within the required time limits. On October 3, 1990, GLM also filed a motion to dismiss based upon Dougan's failure to comply with NRCP 16.1.

On December 3, 1990, the district court entered an order granting the respondents' motions to dismiss on the grounds requested. Although Dougan's complaint was dismissed without prejudice, the effect of the dismissal was final because the statute of limitations had run. After the district court certified the judgment as final, this appeal followed.

## Discussion

### Dismissal Under NRCP 4(i)

Dougan's complaint against LTA was dismissed under NRCP 4(i), which states:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Dougan's complaint was filed on May 2, 1989. Therefore, under NRCP 4(i), the respondents should have been served by August 30, 1989. LTA was served on September 7, 1989—eight days late.[2]

Dougan first claims that the untimely service was the result of excusable neglect, and should have been justified under the NRCP 4(i) "good cause" exception. Dougan contends that service was late because the secretary who calendared the service of process mistakenly thought that service had to occur within 120 days after the date of return of the filed complaint from the clerk of the court, rather than 120 days after the complaint was filed.

The only cases in which we have addressed the NRCP 4(i)

---

[2]Although Dougan's service upon GLM was also untimely, GLM did not object to the service.

good cause exception are Dallman v. Merrell, 106 Nev. 929, 803 P.2d 232 (1990), and Domino v. Gaughan, 103 Nev. 582, 747 P.2d 236 (1987). In *Dallman,* we upheld an NRCP 4(i) dismissal where service was made more than 100 days late, no good cause for the delay was shown, and the defendant was prejudiced by the delay. In contrast, we determined in *Domino* that good cause existed for the plaintiff's failure to effect timely service of process. The evidence indicated that Domino's complaint had been filed by Nevada counsel, with the understanding that California counsel would arrange for service. Shortly before the 120-day limit expired, California counsel requested Nevada counsel to effect service of process. Due to various difficulties, including the illness of counsel, the defendant was not served until after the deadline passed.

Although Dougan invokes *Domino* as controlling here, the facts are dissimilar in that the instant case reflects no illness or last minute changes in counsel. Dougan alleged merely a calendaring mistake. The cases interpreting the analoguous federal rule of procedure have consistently held that inadvertence does not justify untimely service. *See, e.g.,* Wei v. Hawaii, 763 F.2d 370 (9th Cir. 1985); Geiger v. Allen, 850 F.2d 330, 333 (7th Cir. 1988). The good cause exception in NRCP 4(i) furthers the goal of deciding cases on their merits when legitimate extenuating circumstances exist. Barring a legitimate excuse, however, the language of NRCP 4(i) is mandatory and requires dismissal. Accordingly, we determine that the district court properly ruled that Dougan failed to demonstrate good cause for her untimely service of process. *See* Whale v. United States, 792 F.2d 951 (9th Cir. 1986) (the decision to dismiss a complaint for failure to effect timely service of process lies within the sound discretion of the district court), *cited in Domino* at 584, 747 P.2d at 237.

Dougan's next assignment of error, however, has merit. Dougan persuasively claims that LTA waived its objection to the late service because it failed to raise the issue until two months after its answer was filed—nearly a year after LTA was served.

Although this court has not previously considered whether an objection to untimely service may be waived, Dougan's position has merit under a line of federal cases interpreting Federal Rule of Civil Procedure 4(j), which is virtually identical to NRCP 4(i).[3] The interpretation of a federal counterpart to a Nevada Rule

---

[3]The only difference between the two rules is an additional sentence in the federal rule which states that the rule is inapplicable to service in a foreign country.

of Civil Procedure is not controlling, but may be persuasive. *See* Bowyer v. Taack, 107 Nev. 625, 629, 817 P.2d 1176, 1178 (1991).

The federal cases have consistently held that a defendant who fails to timely assert a defect in service may be barred from doing so later. *See, e.g.,* Pusey v. Dallas Corp., 938 F.2d 498 (4th Cir. 1991); Dunbar Corp. v. Lindsey, 905 F.2d 754 (4th Cir. 1990); Pardazi v. Cullman Medical Center, 896 F.2d 1313 (11th Cir. 1990); Kersh v. Derozier, 851 F.2d 1509 (5th Cir. 1988). Despite the mandatory language of the FRCP 4(j) dismissal provision, these federal courts have determined that the defense of insufficient service of process may be waived under FRCP 12(b) for failure to raise the defense in the answer or a pre-answer motion.[4]

The reasoning of the federal courts is persuasive here. LTA failed to object to Dougan's untimely service in its first responsive pleading or a pre-pleading motion. The rules of civil procedure are to be construed to secure the just, speedy, and inexpensive determination of every action. NRCP 1. If these interests were jeopardized because Dougan took eight extra days to complete service, then LTA was more than derelict in waiting 351 days to object to the late service. In addition, LTA has failed to allege any way in which it has been prejudiced by the late service. Under the fact-specific circumstances presented here, we conclude that LTA waived its objection to Dougan's untimely service by failing to seasonably assert the defense in its first responsive pleading or a pre-pleading motion. Thus, Dougan's complaint against LTA was erroneously dismissed on the basis of NRCP 4(i).

## Dismissal Under NRCP 16.1

Dougan's complaint against LTA and GLM was also dismissed because of Dougan's failure to meet deadlines prescribed in NRCP 16.1, which mandates certain pretrial discovery measures. Subsection (a) requires litigants' attorneys to attend an early case conference to begin the discovery process and discuss settlement. This early case conference is to be held within thirty days after service of the answer by the first answering defendant. The parties or the court may extend the time in which to hold the first conference, but "[a]bsent compelling and extraordinary circumstances, neither the court nor the parties may extend the time to a day more than one hundred and eighty (180) days after service of

---

[4]NRCP 12(b) also requires defenses to be raised in the responsive pleading or a pre-pleading motion. If the defense of insufficient service of process is not raised according to NRCP 12(b), it is waived. NRCP 12(h)(1).

the summons and complaint upon the defendant in question." NRCP 16.1(a).

In addition, NRCP 16.1(c) requires the parties to file a joint case conference report within 30 days after each case conference. Although no case conference was ever held, Dougan filed a purported case conference report with the court on May 29, 1990, in attempted compliance with the rule.

Rule 16.1 provides specific sanctions for failure to comply with its mandates. If the early case conference is not held within 180 days after service of the summons and complaint, the case may be dismissed without prejudice, unless there are compelling and extraordinary circumstances for a continuance beyond this period. NRCP 16.1(e)(1). The case may also be dismissed without prejudice if a plaintiff does not file a case conference report within 240 days after service of the summons and complaint. NRCP 16.1(e)(2). Dougan's complaint was dismissed for failure to meet these deadlines.

On appeal, Dougan argues that the delay in commencing discovery was due to the respondents' delay in filing their answers to the complaint. Dougan further contends that she attempted to comply with the NRCP 16.1 requirements by submitting a unilateral case conference report in May 1990, scheduling a case conference for September 13, 1990, and writing to respondents to request documents in connection with the first case conference. Finally, Dougan contends that dismissal was an excessive sanction for failure to meet the early case conference deadlines.

LTA and GLM's answers were not served until well past the deadline for holding an early case conference because of the open extension of time given at the request of both defendants. It would have been fruitless to hold a case conference before the defendants answered and the case was at issue. Furthermore, respondents have failed to show any prejudice that they suffered because of Dougan's accommodation of their requests for extensions at the predictable and probable risk of failing to meet the Rule 16.1 deadlines. Under these unique circumstances, we determine that the dismissal of Dougan's complaint for failure to timely comply with the discovery provisions of NRCP 16.1 was unduly harsh.

Despite our decision in this case, we do not mean to de-emphasize the importance of compliance with the rules of civil procedure. The timeliness provisions written into the rules will, as a general proposition, be enforced by the courts in order to

promote the timely and efficient processing of cases. In effect, these provisions recognize judicial commitment to the proposition that "justice delayed is justice denied." We therefore commend the district courts and discovery commissioners for their vigilance in promoting reasonable diligence on the part of counsel. However, we are mindful that occasionally an overly strict application of a rule—especially when coupled with ultimate sanctions—will defeat the very ends of justice that the rules are designed to promote.

For the reasons discussed above, we determine that dismissal was unwarranted under the circumstances of this case, and reverse the decision of the district court and remand this matter for further proceedings.