RICHARD LACEY, Appellant, *v.* WEN-NEVA, INC., dba WENDY'S RESTAURANT, Respondent.

No. 22660

March 24, 1993 849 P.2d 260

*Hamilton & Lynch,* Reno, for Appellant.

*Vargas & Bartlett* and *Debra B. Robinson,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Richard Lacey (Lacey) slipped and injured himself on the premises of respondent Wendy's Restaurant (Wendy's), and brought suit for personal injuries. Lacey served a copy of the complaint on Wendy's within one month of filing the complaint, but the service was defective. More than one year later, Lacey amended the complaint and properly served Wendy's. Wendy's moved to dismiss the action for failure to effect service within 120 days of filing the complaint, as required by NRCP 4(i), and the district court granted the motion. We affirm the judgment of the district court for the following reasons: (1) Lacey could not show "good cause" for his failure to timely serve Wendy's, (2) Wendy's did not waive its objection to the defective original service by failing to bring a motion to quash service prior to its NRCP (4)(i) motion to dismiss, and (3) filing an amended complaint which does not add new parties does not extend the time of initial service beyond the 120-day period commencing with the filing of the original complaint.

### Facts

Lacey slipped and injured himself at a Wendy's as a result of icy conditions on the premises. On the final day before the statute of limitations ran, Lacey filed a complaint against Wendy's seeking damages for his personal injuries. Shortly thereafter, Lacey's counsel served a copy of the summons and complaint on an agent of Wendy's. Both parties acknowledge the service was defective. Within one month of the service, and within two months of the

filing of the complaint, Wendy's wrote a letter to Lacey's counsel, dated February 23, 1990, informing Lacey's counsel that Wendy's considered the service to be defective and that Wendy's would not respond to the complaint until Wendy's was properly served. Lacey failed to take any further action until more than one year later, at which time Lacey filed an amended complaint and properly served it on Wendy's.

Wendy's moved to dismiss the action on the ground that Lacey had failed to serve Wendy's within 120 days of the filing of the complaint, as required by NRCP 4(i). The district court granted the motion, finding that the service was untimely and that Lacey failed to show good cause for the untimely service.

## Discussion

Lacey contends the district court abused its discretion in dismissing his complaint for failure to effectuate service within 120 days when service was actually made within 120 days, but was defective, and proper service was not effectuated until more than 120 days after the filing of the complaint. NRCP 4(i)[1] states:

> **Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

If a plaintiff fails to serve the defendant within 120 days and cannot show good cause why service was not timely made, plaintiff's case must be dismissed, as the language of NRCP 4(i) is mandatory. Dougan v. Gustaveson, 108 Nev. 517, 520, 835 P.2d 795, 797 (1992). The "good cause" determination, however, is one of discretion.

Lacey candidly admits the original service within 120 days was defective. Because Wendy's was not properly served within 120 days of the filing of the complaint, dismissal of the complaint was appropriate unless Lacey could show good cause for his failure to effect timely service or unless Wendy's waived the defense of untimely service of process. *See* NRCP 4(i); *Dougan,* 108 Nev.

---

[1]Federal Rule of Civil Procedure 4(j) is, in pertinent part, identical to NRCP 4(i).

at 520-21, 835 P.2d at 797-98; Dallman v. Merrell, 106 Nev. 929, 930-31, 803 P.2d 232, 233 (1990); *see also* Arroyo v. Wheat, 102 F.R.D. 516, 517-18 (D. Nev. 1984) (Federal Rule of Civil Procedure 4(j) applies where defective service is made within 120 days of filing of complaint, but proper service is not).

*Good Cause*

Lacey contends that good cause exists for his failure to timely serve Wendy's because Wendy's had notice of the action, Wendy's entered into settlement negotiations with Lacey, and Wendy's, by its conduct, "induced [Lacey's counsel] to believe that re-service would not be necessary." The record fails to demonstrate, however, that Wendy's induced Lacey to believe that re-service of the complaint would not be necessary, except that Wendy's entered into settlement negotiations with Lacey. On the contrary, Wendy's letter of February 23, 1990, plainly communicated to Lacey that Wendy's would not consider itself a proper party to any court proceedings until it was properly served. Settlement negotiations are no substitute for proper service of a party, and the fact that the parties were negotiating a settlement did not relieve Lacey from properly serving the complaint within 120 days. *See* C.H.A. Venture v. G.C. Wallace Consulting, 106 Nev. 381, 384, 794 P.2d 707, 709 (1990) (notice of an action and indirect participation in an action are "not a substitute for service of process"). Absent an agreement between the parties as part of the settlement negotiations that the service requirements of NRCP 4(i) would not be strictly enforced, settlement negotiations alone will not constitute good cause for a plaintiff's failure to serve process within 120 days of the filing of the complaint.

Lacey also contends that his counsel granted Wendy's an open extension of time to answer the complaint in the anticipation that the case would settle, and that Lacey should not be penalized for this hospitality. However, Lacey's offer of an open extension of time in which to file an answer occurred after Wendy's had informed Lacey that Wendy's would not respond to the complaint until proper service was made. There is no indication in the record that Wendy's requested, relied on, or gave credence to Lacey's invitation. While there may be circumstances which demonstrate an understanding or agreement between parties sufficient to constitute "good cause" for the plaintiff's failure to timely serve the complaint, there has been no showing in this case of any agreement between the parties that the time restric-

tions of the Nevada Rules of Civil Procedure would not be strictly enforced.

The district court found that Lacey failed to show good cause for his failure to serve Wendy's within 120 days, and we agree. We stated in Dougan v. Gustaveson, 108 Nev. 517, 835 P.2d 795 (1992), that an attorney's "inadvertence does not justify untimely service." *Id.* at 520, 835 P.2d at 797. Only "legitimate extenuating circumstances" that show "good cause" justify an untimely service of process. *Id.* In *Dougan,* this court found that late service of process due to a secretary's calendaring mistake did not constitute "good cause." *Id.* In Dallman v. Merrell, 106 Nev. 929, 803 P.2d 232 (1990), this court found that great difficulty in locating the defendant was not "good cause" for late service. *Id.* at 930-31, 803 P.2d at 232-33.

In the instant case, the assumption by Lacey's counsel that the case would settle and that service of process was not necessary because the court proceedings would not continue does not constitute good cause under NRCP 4(i). Service against Wendy's was untimely because Lacey's counsel made a tactical error in not re-serving Wendy's once Lacey's counsel was notified that the original service on Wendy's was improper. We conclude that Lacey failed to show "good cause" for the untimely service of Wendy's. If counsel's error in failing to timely serve a complaint were sufficient grounds to constitute "good cause," thereby preventing dismissal of the action, NRCP 4(i), requiring dismissal when a complaint is not timely served, would be rendered nugatory.

*Waiver*

Lacey asserts that Wendy's failure to file a motion to quash service, and its bringing of the NRCP 4(i) motion to dismiss for untimely service instead, waived any objection to the original defective service of process, which was served within 120 days, and therefore that service became valid and timely, and NRCP 4(i) became inapplicable. Thus, Lacey asserts that implicit in Wendy's motion to dismiss for failure to effect timely service is a challenge to the sufficiency of the original service of process, because without such a challenge, Wendy's has no claim that service was untimely.

An NRCP 4(i) objection to the untimely service of process may be waived. *See Dougan,* 108 Nev. at 520-21, 835 P.2d at 797-98. In *Dougan,* we found that, where a plaintiff fails to serve the defendant within 120 days of filing the complaint, this defect in

service may be waived if the defendant fails to object to the untimely service in his first responsive pleading or pre-pleading motion. *Dougan,* 108 Nev. at 521, 835 P.2d at 798. The issue before us is whether an NRCP 4(i) motion to dismiss, brought before a motion to quash service, waives any objection to the sufficiency of the original service of process where service was made within 120 days of the filing of the complaint but was defective.

Although a motion to dismiss is the proper method for challenging a complaint when service of process has not been effected within 120 days, as required by NRCP 4(i), *see* NRCP 4(i); *Dougan,* 108 Nev. at 519, 835 P.2d at 796-97; *Dallman,* 106 Nev. at 930, 803 P.2d at 232; Domino v. Gaughan, 103 Nev. 582, 583, 747 P.2d 236, 237 (1987), the proper method for attacking improper service of process is a motion to quash service. Barnato v. District Court, 76 Nev. 335, 337, 339, 353 P.2d 1103, 1104, 1105 (1960). Generally, if a motion to quash service is not brought before, or is joined with, a motion to dismiss the action, any objection to the defective service will be waived.[2] *Id.* at 339, 353 P.2d at 1104-05 (1960). ''[T]he defenses of lack of jurisdiction over the person, of insufficiency of process, and of insufficiency of service of process, are waived if joined with one or more defenses other than those defenses, or by further pleading after denial of such defenses.'' Benson v. District Court, 85 Nev. 327, 330, 454 P.2d 892, 893-94 (1969) (quoting *Barnato,* 76 Nev. at 339, 353 P.2d at 1105); *see* NRCP 12(b).[3]

In the instant case, Wendy's proper motion to dismiss for untimely service is implicitly and inextricably bound up with a challenge to the sufficiency of service of process, which this court has previously found cannot be challenged by a motion to dismiss and which challenge will be waived if brought together with a

---

[2]Nevada has refused to follow the federal practice of allowing a motion to dismiss to challenge the sufficiency of service of process. Benson v. District Court, 85 Nev. 327, 330, 454 P.2d 892, 894 (1969); Barnato v. Dist. Court, 76 Nev. 335, 339, 353 P.2d 1103, 1104-05 (1960).

[3]NRCP 12(b) states, in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (2) lack of jurisdiction over the person, (3) insufficiency of process, (4) insufficiency of service of process . . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion, except defenses numbered (2)-(4) are waived if joined with one or more defenses other than defenses (2)-(4), or by further pleading after denial of such defenses.

motion to dismiss. *See* Barnato v. District Court, 76 Nev. 335, 339, 353 P.2d 1103, 1105 (1960). Lacey therefore argues that, even when both parties recognize that the original service of process was defective, the defendant must bring a motion to quash service of process before bringing an NRCP 4(i) motion to dismiss, or the defendant's NRCP 4(i) motion to dismiss will waive any objection to the defective service.

We decline to read *Barnato* and *Benson* so broadly. *Barnato* and *Benson* both address motions to dismiss brought pursuant to NRCP 12. We conclude that an NRCP 4(i) motion to dismiss for untimely service of process does not waive any challenge to the sufficiency of the service of process which may be implicit in the motion to dismiss. Any other result would produce unnecessary litigation and would undermine the effectiveness of NRCP 4(i).

In the instant case, Wendy's warned Lacey of the defective service, waited for proper service, which never arrived, and justifiably gave Lacey an opportunity to perfect service instead of needlessly bringing a motion to quash. The purposes of NRCP 4(i) would not be promoted by requiring Wendy's to move to quash service prior to bringing its NRCP 4(i) motion to dismiss. We conclude Wendy's motion to dismiss for untimely service of process pursuant to NRCP 4(i) did not waive Wendy's objection to the sufficiency of the original service of process on which the NRCP 4(i) motion was implicitly based. Where a defendant warns the plaintiff of the defect in service and both parties acknowledge that the service is defective,[4] it would be inefficient and costly to require the defendant to bring a motion to quash service prior to the motion to dismiss for untimely service.

*Amended Complaint*

Lacey filed the amended complaint on April 5, 1991, and properly served Wendy's that same day. The issue thus arises as to whether the 120-day period of NRCP 4(i) ran from the date of the filing of the amended complaint or from the date of the filing

---

[4]Where service is made upon a defendant within 120 days, but the service is defective, and the defectiveness of the service is not called to the plaintiff's attention until after the 120-day period runs, the NRCP 4(i) "good cause" standard may, under the circumstances, be applied to prevent the inequity of allowing the defendant's concealment of the defectiveness of the service to result in dismissal of the action. *See* Arroyo v. Wheat, 102 F.R.D. 516, 518 (D.Nev. 1984).

of the original complaint. We have not previously addressed this issue.

The federal courts, in interpreting the identical provisions of Federal Rule of Civil Procedure 4(j), have stated:

> The courts have made clear that plaintiff's amendment of the complaint does not justify delay in service of the original complaint unless the amended complaint names a new party defendant. If the amended complaint adds a defendant, then a new 120-day timetable begins to run as to the added defendant. However, the amendment does not toll the 120-day period as to defendants already named. The appropriate course is for plaintiff to amend the original complaint after serving it upon the original defendants.

Baden v. Craig-Hallum, Inc., 115 F.R.D. 582, 586 n.3 (D.Minn. 1987) (citations omitted); *see also* McGuckin v. U.S., 918 F.2d 811, 813 (9th Cir. 1990) (where amended complaint adds a new party, plaintiff has 120 days from filing the amended complaint to serve the new party); Montgomery v. U.S. Postal Service, 867 F.2d 900, 904-05 n.5 (5th Cir. 1989) (where an amended complaint adds a new party, Federal Rule of Civil Procedure 4(j) does not appear to require amendment and service within 120 days of filing the original complaint). In the instant case, since Lacey did not add a new party to the action,[5] service had to be made within 120 days of filing the original complaint. Lacey did not effect service of either the original or amended complaint within 120 days of the filing of the original complaint, and therefore the district court did not err in dismissing Lacey's action pursuant to NRCP 4(i).

We have carefully considered Lacey's other contentions of error, and we find them to be without merit. Accordingly, the judgment of the district court is affirmed.[6]

---

[5]The original complaint asserted claims against "Wendy's Restaurant" and "Wendy's Restaurant, Inc." The amended complaint asserted claims against "Wen-Neva, Inc., dba Wendy's Restaurant." Substitution of the true name of a defendant is not considered to be the addition of a new party to the action. *See* Hill v. Summa Corporation, 90 Nev. 79, 81, 518 P.2d 1094, 1095 (1974) ("[a] subsequent amendment, stating [the defendants'] actual names, relates back to commencement of the action as provided in NRCP 15(c)").

[6]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this appeal.