OPINION
 

 Per Curiam:
 

 These two writ petitions raise important issues under NRCP 4(i), which requires a plaintiff to serve a summons and complaint within 120 days of the date that the complaint is filed unless the plaintiff can show good cause why the complaint was not timely served. Docket No. 33367 is a petition for a writ of mandamus challenging a district court order granting the real party in interest’s motion to quash service of process under NRCP 4(i) for failure to effect timely service. Docket No. 34863 is a petition for a writ of mandamus or prohibition challenging a district court order denying petitioners’ motion to dismiss the complaint under NRCP 4(i). We take this opportunity to clarify the relevant standards under NRCP 4(i). We grant the petition for a writ of mandamus in Docket No. 33367, and we deny the petition for a writ of mandamus or prohibition in Docket No. 34863.
 

 Docket No. 33367
 

 On February 7, 1996, plaintiff/petitioner Alice Scrimer was in a car driven by defendant/real party in interest William D. Scrimer, when she suffered injuries in an accident. On January 28, 1998, she and her husband filed a complaint. Service of process was not completed within the 120-day period provided for in NRCP 4(i), which expired on May 28, 1998. Petitioners apparently did not make any attempt to serve process during the 120-day period, while settlement negotiations were underway, but served the Department of Motor Vehicles (DMV) under the substitute service provisions of NRS 14.070 on June 10, 1998, thirteen days after the 120-day period expired.
 

 On June 16, 1998, petitioners moved for an extension of time for service under NRCP 6(b). The district court granted the motion and gave petitioners until June 29, 1998, to complete service of process.
 

 
 *511
 
 Real party in interest then moved to quash service. Petitioners opposed the motion. The district court granted the motion, because petitioners “failed to demonstrate good cause for the untimely service” under Dougan v. Gustaveson, 108 Nev. 517, 835 P.2d 795 (1992). Petitioners moved for reconsideration, which was denied.
 

 Petitioners filed this petition for a writ of mandamus challenging the district court’s order granting the real party in interest’s motion to quash service of process under NRCP 4(i). This court ordered an answer, which was untimely submitted.
 
 [1]
 

 Docket No. 34863
 

 On February 5, 1999, real party in interest Louis Pushnick filed a complaint against petitioners and others, seeking damages as a result of two auto accidents. After 136 days had passed, Pushnick’s counsel sought an extension of time to serve petitioners. Counsel claimed excusable neglect, in that service had not been effected because of a “continual change in office staff, [and] an inadvertent confusion as to the attorney of record.” It appears that the law firm representing Pushnick had broken up during the relevant time period. On July 13, 1999, the district court granted an extension until July 19, 1999. On July 22, 1999, an amended order was entered, granting an extension to serve until August 19, 1999. Service was effected on the DMV on July 20, 1999, forty-four days after the 120-day period had run.
 

 Subsequently, petitioners joined in a motion to dismiss the complaint under NRCP 4(i) for failure to serve process within 120 days of filing, and to vacate the orders granting extensions of time. Pushnick opposed the motion, which was denied. Petitioners filed this petition for a writ of mandamus or prohibition challenging the district court’s order denying petitioners’ motion to dismiss the action under NRCP 4(i). This court ordered an answer, which was timely filed in this court.
 
 [2]
 

 
 *512
 

 DISCUSSION
 

 A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion.
 
 See
 
 Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). A writ of prohibition is available to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court.
 
 See
 
 NRS 34.320. Neither writ will issue, however, if petitioner has a plain, speedy and adequate remedy in the ordinary course of law.
 
 See
 
 NRS 34.170; 34.330. Further, both writs are extraordinary remedies, and it is within the discretion of this court to determine if a petition will be considered.
 
 See
 
 State ex rel. Dep’t Transp. v. Thompson, 99 Nev. 358, 662 P.2d 1338 (1983). In Smith v. District Court, 113 Nev. 1343, 1344, 950 P.2d 280, 281 (1997), this court explained that it will not exercise its discretion to consider a petition for a writ of mandamus unless considerations of sound judicial economy and administration militate in favor of granting a petition. In addition, this court may exercise its discretion to grant a petition where an important issue of law requires clarification.
 
 Id.
 
 at 1345, 950 P.2d at 281.
 

 NRCP 4(i) states that service of the complaint and summons must be made within 120 days, or the action will be dismissed without prejudice, unless a plaintiff can show good cause why service was not made during the 120-day period.
 
 [3]
 
 Dismissal is
 
 *513
 
 mandatory unless there is a legitimate excuse for failing to serve within the 120 days.
 
 See
 
 Dougan v. Gustaveson, 108 Nev. 517, 835 P.2d 795 (1992). The determination of good cause is within the district court’s discretion.
 
 See
 
 Lacey v. Wen-Neva, Inc., 109 Nev. 341, 849 P.2d 260 (1993).
 

 Rule 4(i) was promulgated to encourage diligent prosecution of complaints once they are filed.
 
 See
 
 Moore v. Shreck, 102 Nev. 163, 717 P.2d 49 (1986) (reversing an order dismissing a complaint for lack of diligent prosecution because no standard then provided for such a dismissal, and at the same time, announcing the adoption of NRCP 4(i)). NRCP 4(i) is based on an analogous federal rule, which was adopted as a case-management tool. As two of the leading commentators on federal procedure have observed:
 

 The 120-day limit on service . . . reflects the modern trend of encouraging more efficient litigation by reducing the time between the institution of an action and service of process. It is hoped that the amended rule, by giving the court the authority to dismiss the plaintiff’s action on its own initiative when the time requirement is not met, will help ease the increasing backlog of cases in the federal courts and the delay in their movement. In that sense, Rule 4(j) attempts to harmonize the open-door policy of the federal court system and the mandate in Rule 1 for the “just, speedy, and inexpensive determination of every action.”
 

 4A Charles Alan Wright & Arthur R. Miller,
 
 Federal Practice and Procedure
 
 § 1137 at 385 (2d ed. 1987) (footnotes omitted).
 
 [4]
 

 There are four leading cases from this court construing NRCP 4(i). In Domino v. Gaughan, 103 Nev. 582, 747 P.2d 236 (1987), counsel’s illness and inexperience were factors in reversing a dismissal under NRCP 4(i), particularly where there was apparently no prejudice to defendants. There, inexperienced Nevada counsel filed a complaint at the request of California counsel and thereafter returned the file to California counsel. California counsel retained the file until ten days before the 120-day time period expired. California counsel then asked Nevada counsel to serve the defendant. Nevada counsel, however, experienced difficulties serving the summons and complaint and in communicating with California counsel. He also fell ill. Although Nevada counsel attempted service within the 120-day time period, he was unable to complete service until nine days after the NRCP 4(i) deadline.
 
 *514
 
 The dismissal was effectively with prejudice since the statute of limitations had expired. This court held that “good cause” existed to excuse late service of the summons and complaint.
 
 Id.
 
 at 584, 747 P.2d at 237.
 
 [5]
 

 In Dallman v. Merrell, 106 Nev. 929, 803 P.2d 232 (1990), this court affirmed an order dismissing one of two defendants under NRCP 4(i) where service was effected 108 days late. Dallman sued a car dealership and its employee, Merrell. Dallman’s original counsel promptly served the dealership, but did not serve Merrell because counsel had trouble locating him. Dallman later retained new counsel, who noted that Merrell had not been served, and used a private investigator to obtain Merrell’s address through driver’s license records and other car salesmen. The district court dismissed the complaint as to Merrell without prejudice, holding that Dallman had not shown good cause for the failure to serve within 120 days of filing the complaint. It is unclear whether the dismissal was effectively with prejudice; nevertheless, the district court dismissed only one of the two defendants and therefore did not dismiss Dallman’s entire action.
 
 Id.
 
 at 930-31, 803 P.2d at 232-33. This court held that Dallman’s claim that he could not locate Merrell (despite having tried the telephone directory, a city directory, and a process server) did not establish good cause since Merrell’s address was readily available from the DMV and the county assessor’s office. The fact that service was tardy by 108 days was also a consideration. In addition, the district court had concluded that Merrell had suffered some prejudice from the delay.
 
 Id.
 
 at 930, 803 P.2d at 232-33.
 

 In Dougan v. Gustaveson, 108 Nev. 517, 835 P.2d 795 (1992), the summons and complaint were filed just before the statute of limitations ran, and the defendants were served just after the 120-day period expired. Process was served eight days late because a secretary had erroneously calendared the date when service was due. After answering the complaint, some of the defendants filed a motion to dismiss for tardy service under NRCP 4(i), and for failure to hold an early case conference and submit an early case conference report under NRCP 16.1. The district court granted the motions and dismissed the complaint on both grounds. Although the dismissal was without prejudice, it was effectively with prejudice, since the statute of limitations had run. On the Rule 4(i) issue, this court held that good cause was not present
 
 *515
 
 because an attorney’s “inadvertence does not justify untimely service.”
 
 Dougan,
 
 108 Nev. at 520, 835 P.2d at 797. This court also concluded, however, that the defendants had waived the issue under NRCP 4(i) by failing to raise it in a timely fashion, and that the district court had erred in dismissing the complaint under NRCP 16.1. The district court’s judgment of dismissal was therefore reversed.
 
 Id.
 
 The
 
 Dougan
 
 court’s observation regarding counsel’s “inadvertence,” is merely dictum, in light of its conclusions regarding the NRCP 4(i) issue on the basis of waiver, and is therefore not controlling in any analysis of good cause under NRCP 4(i).
 

 Finally, in Lacy v. Wen-Neva, Inc., 109 Nev. 341, 849 P.2d 260 (1993), plaintiff Lacey filed a complaint against defendant Wen-Neva on the final day of the limitations period, and then served a copy of the summons and complaint on the defendant’s agent. Both parties acknowledged that service was improper. In fact, the defendant informed Lacey in writing that it would not respond to the complaint until it was properly served.
 
 Id.
 
 at 343-44, 849 P.2d at 261. After doing nothing with respect to service for more than one year, Lacey properly served the defendant with an amended complaint. The defendant moved to dismiss, and the district court granted the motion. On appeal, Lacey argued that good cause excused the untimely service, because the defendant had actual notice of the action and had entered into settlement negotiations with him. This court disagreed:
 

 Settlement negotiations are no substitute for proper service of a party, and the fact that the parties were negotiating a settlement did not relieve Lacey from properly serving the complaint within 120 days. Absent an agreement between the parties as part of the settlement negotiations that the service requirements of NRCP 4(i) would not be strictly enforced, settlement negotiations alone will not constitute good cause for a plaintiff’s failure to serve process within 120 days of the filing of the complaint.
 

 While there may be circumstances which demonstrate an understanding or agreement between parties sufficient to constitute “good cause” for the plaintiff’s failure to timely serve the complaint, there has been no showing in this case of any agreement between the parties that the time restrictions of the Nevada Rules of Civil Procedure would not be strictly enforced.
 

 Id.
 
 at 345-46, 849 P.2d at 262 (citation omitted).
 

 In addition,
 
 Lacey
 
 held that filing an amended complaint against the same party does not restart the 120-day period for service:
 

 
 *516
 
 [S]ince Lacey did not add a new party to the action, service had to be made within 120 days of filing the original complaint. Lacey did not effect service of either the original or amended complaint within 120 days of the filing of the original complaint, and therefore the district court did not err in dismissing Lacey’s action pursuant to NRCP 4(i).
 

 Id.
 
 at 349, 849 P.2d at 265 (footnote omitted).
 

 We conclude that a number of considerations may govern a district court’s analysis of good cause under NRCP 4(i), and we emphasize that no single consideration is controlling. Appropriate considerations include: (1) difficulties in locating the defendant, (2) the defendant’s efforts at evading service or concealment of improper service until after the 120-day period has lapsed, (3) the plaintiff’s diligence in attempting to serve the defendant, (4) difficulties encountered by counsel, (5) the running of the applicable statute of limitations, (6) the parties’ good faith attempts to settle the litigation during the 120-day period, (7) the lapse of time between the end of the 120-day period and the actual service of process on the defendant, (8) the prejudice to the defendant caused by the plaintiffs delay in serving process, (9) the defendant’s knowledge of the existence of the lawsuit, and (10) any extensions of time for service granted by the district court.
 
 [6]
 
 Underlying these considerations is the policy behind Rule 4(i)—to encourage the diligent prosecution of complaints. Rule 4(i) was not adopted, however, to become an automatic sanction when a plaintiff fails to serve the complaint within 120 days of filing. When making a determination under NRCP 4(i), the district court should recognize that “good public policy dictates that cases be
 
 *517
 
 adjudicated on their merits.” Kahn v. Orme, 108 Nev. 510, 516, 835 P.2d 790, 794 (1992) (citing Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 155-56, 380 P.2d 293, 295 (1963)).
 

 We specifically disavow and overrule
 
 Lacey
 
 to the extent that it stands for the proposition that “settlement negotiations alone will not constitute good cause for a plaintiffs failure to serve process within 120 days of the filing of the complaint.”
 
 Lacey,
 
 109 Nev. at 345, 849 P.2d at 262. Negotiations with an eye to settlement, undertaken in good faith in a serious effort to settle the litigation during the 120-day period, may constitute good cause for untimely service under NRCP 4(i). Additionally, we renounce our dictum in
 
 Dougan,
 
 which suggests that an inflexible approach should be used in assessing motions to dismiss under Rule 4(i).
 

 In Docket No. 33367, we conclude that extraordinary relief is warranted. Under Smith v. District Court, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997), as noted above, we may exercise our discretion to grant a petition where an important issue of law requires clarification. It appears that the district court sensed a trend in our NRCP 4(i) cases from which we now depart. In light of our clarification of appropriate NRCP 4(i) standards, as well as our disapproval of
 
 Lacey
 
 and
 
 Dougan,
 
 we conclude that the petition should be granted. We now expressly conclude that a balanced and multifaceted analysis is warranted in determining whether to dismiss a complaint under Rule 4(i). Here, petitioners served the DMV shortly after the 120-day period expired, after having engaged in settlement negotiations, and within the extended period for service. In addition, it is significant that the district court had granted the petitioners additional time for service, and that service was effected before the extended deadline expired. We also note that the dismissal was highly prejudicial to petitioners, as the statute of limitations had expired, while there appeared to be little or no prejudice from late service to the real party in interest. We therefore grant the petition in Docket No. 33367, and direct the clerk of this court to issue a writ of mandamus compelling the district court to vacate its order dismissing the complaint in District Court Case No. A383803.
 

 In Docket No. 34863, we conclude that the district court neither exceeded its jurisdiction nor manifestly abused its discretion in refusing to dismiss the complaint under NRCP 4(i). There, the law firm representing Pushnick underwent serious personnel complications, and Pushnick sought an extension of time to serve the complaint sixteen days after the 120-day period had expired.
 
 *518
 
 Additionally, Pushnick’s counsel had obtained additional time to serve petitioners, and served them within the time permitted, and it appears that any dismissal would have effectively been with prejudice. We perceive no error meriting extraordinary relief and accordingly deny the petition in Docket No. 34863.
 

 [1]
 

 Real party in interest filed a motion requesting permission to file an untimely answer, admitting that this court’s order requesting an answer was overlooked when it was received by counsel. Petitioners moved to strike the answer as untimely. Having considered the motion and the opposition, we deny the motion to strike and grant the motion to file the answer. We direct the clerk of the court to file the answer and appendix received from real party in interest in Docket No. 33367, as well as petitioners’ opposition to the motion to file an untimely answer.
 

 [2]
 

 Petitioners requested that this court stay the district court proceedings, arguing that if the petitioners answered the complaint or otherwise generally appeared in the proceedings below, they would waive the NRCP 4(i) issue that was the subject of their petition. On February 1, 2000, we entered a temporary stay. We note, however, that the stay in this instance was unnecessary to
 
 *512
 
 preserve the Rule 4(i) issue, because the petitioners would not have waived their argument under NRCP 4(i) merely by answering the complaint or appearing in the action. To avoid waiver of a defense of untimely service of process under NRCP 4(i), a defendant must raise the defense in its first responsive pleading or pre-answer motion to dismiss.
 
 See
 
 NRCP 12(b), 12(g), and 12(h)(1) (setting forth procedures for objecting to insufficiency of service of process); Dougan v. Gustaveson, 108 Nev. 517, 835 P.2d 795 (1992) (concluding that respondent’s objection to untimely service under NRCP 4(i) was itself untimely because respondent failed to object in its first responsive pleading or pre-pleading motion). Once timely raised, the defense of untimely service is preserved for review, and the defendant may answer the complaint without fear of waiving the NRCP 4(i) issue. We therefore vacate our order granting the temporary stay.
 

 [3]
 

 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
 

 NRCP 4(i).
 

 [4]
 

 The analogous Federal Rule of Civil Procedure is currently Rule 4(m), although it was Rule 4(j) when this passage was written.
 

 [5]
 

 We note that the federal courts, under Federal Rule of Civil Procedure 4(m), the current analog to NRCP 4(i), may consider “if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.” Fed. R. Civ. P. 4 advisory committee’s notes.
 

 [6]
 

 In
 
 Lacey,
 
 defendant promptly warned plaintiff that service was defective, and waited for proper service of the original complaint. As noted above, instead of serving the original complaint, plaintiff waited a year, filed an amended complaint, and properly served the amended complaint.
 
 Id.
 
 at 348, 849 P.2d at 264.
 
 Lacey
 
 noted that if service is made upon a defendant within 120 days, but the service is defective, and the defectiveness of the service was not called to the plaintiff’s attention until after the 120-day period runs, “the NRCP 4(i) ‘good cause’ standard may, under the circumstances, be applied to prevent the inequity of allowing the defendant’s concealment of the defectiveness of the service to result in dismissal of the action.”
 
 Id.
 
 at 348 n.4, 849 P.2d at 264 n.4.
 

 We further observe that if the 120-day period is running out, a plaintiff may seek to extend the time to serve under NRCP 6(b). As occurred in the proceedings below, even if the 120-day period has expired, a plaintiff may obtain an extension of the service period under NRCP 6(b) upon a showing of “excusable neglect.”
 
 See
 
 NRCP 6(b)(2). If a district court finds good cause for tardy service under NRCP 4(i), it should explicitly extend the time for service, and set a reasonable date by which service should be accomplished.