IN THE SUPREME COURT OF THE STATE OF NEVADA

SURENDER CHOPRA,
Appellant,
vs.
THE STATE OF NEVADA
EMPLOYMENT SECURITY DIVISION;
RENEE OLSON [NOW, LYNDA
PARVEN], IN HER CAPACITY AS
ADMINISTRATOR OF THE
EMPLOYMENT SECURITY DIVISION;
AND J. THOMAS SUSICH, IN HIS
CAPACITY AS THE CHAIRPERSON OF
THE EMPLOYMENT SECURITY
DIVISION BOARD OF REVIEW,
Respondents.

No. 82681

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This appeal challenges a district court order denying a petition for judicial review in an unemployment benefits matter.[1] Eighth Judicial District Court, Clark County; Bita Yeager, Judge.

On December 7, 2020, appellant Surender Chopra filed a petition for judicial review challenging the denial of his unemployment benefits claim. He served the Employment Security Division (ESD) Administrator on February 2, 2021, after a previous unsuccessful attempt on January 29, 2021. Respondents moved to dismiss, alleging that Chopra failed to serve the ESD Administrator within 45 days after commencing his action, as required by NRS 612.530(2). Chopra then filed an amended petition on February 9, 2021, in which he substituted the name of the current ESD Administrator, Lynda Parven, in lieu of Renee Olson, who he

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-32366

had named in his initial petition. Chopra served the amended petition on February 17, 2021. The district court later granted respondents' motion to dismiss, over Chopra's opposition, finding that Chopra did not comply with NRS 612.530(2)'s service requirements. This appeal followed.

Chopra first appears to argue that the 45-day window for completing service commenced when he filed the amended petition. Because he could amend his petition as a matter of course under NRCP 15, and because he served respondents within 45 days of filing the amended petition, he contends that the district court erred by dismissing his petition for lack of timely service.[2] We review for an abuse of discretion, *Abreu v. Gilmer*, 115 Nev. 308, 312-13, 985 P.2d 746, 749 (1999) ("An order granting a motion to dismiss for failure to effect timely service of process is . . . reviewed for an abuse of discretion."), and disagree. First, Chopra fails to point to relevant authority supporting his proposition that an amended petition renews the statutory deadline for service such that we need not consider the argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (holding that this court need not consider arguments that are not cogently argued or supported by relevant authority). And the relevant statute bases the time for service on the commencement of the action without extensions for

---

[2]We reject Chopra's argument that he was *required* to amend his petition to correctly name the ESD Administrator. NRS 612.530 does not require that the petitioner name the ESD Administrator by name. *See* NRS 612.530(2); NRCP 17(d) ("A public officer who . . . is sued in an official capacity may be designated by official title rather than by name.").

SUPREME COURT
OF
NEVADA

2

amended petitions.[3] *See* NRS 612.530(2) (holding that the petitioner may secure judicial review of an adverse Board of Review decision "by commencing an action in the district court," and that petitioner must serve the Administrator "within 45 days after the commencement of the action"); *see also* NRS 233B.130(2) (providing that petitions for judicial review are instituted by filing the petition in district court); *cf. Lacey v. Wen-Neva, Inc.,* 109 Nev. 341, 348-49, 849 P.2d 260, 264-65 (1993) (holding that the filing of an amended complaint which does not name a new defendant does not automatically extend the time for service under the Nevada Rules of Civil Procedure), *overruled on other grounds by Scrimer v. Eighth Judicial Dist. Court,* 116 Nev. 507, 515-17, 998 P.2d 1190, 1195-96 (2000).

Next, Chopra argues that the district court erred by failing to consider whether his proffered reasons for delay constitute good cause to enlarge the time for service under NRS 233B.130(5) or NRCP 4(e). However, the record reflects that Chopra did not make this argument below such that he has waived it on appeal. *See Schuck v. Signature Flight Support of Nev., Inc.,* 126 Nev. 434, 437, 245 P.3d 542, 545 (2010) (holding that a party may not raise "new issues, factual and legal, that were not presented to the district court . . . that neither [the opposing party] nor the district court had the opportunity to address"). In addition, Chopra fails to explain why those rules would govern over the special service provision in NRS 612.530 that applies to petitions arising from unemployment compensation claims, which has no good cause exception. *See* NRS 233B.039(3) (providing that the provisions of NRS Chapter 612 regarding

---

[3]Chopra also appears to suggest that his earlier attempt to serve the Administrator should count as service. But even that attempted service fell beyond NRS 612.530(2)'s 45-day deadline.

judicial review "prevail over the general provisions of this chapter"); *compare* NRS 233B.130(5) (including a good cause exception for timely service of a petition for judicial review of an administrative agency decision), *with* NRS 612.530(2) (providing that the ESD Administrator must be served within 45 days with no good cause exception). Accordingly, Chopra's arguments regarding extensions of time for good cause provide no basis for reversing the district court's order.[4] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Hardesty

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc: Hon. Bita Yeager, District Judge
Law Office of Malik W. Ahmad
State of Nevada/DETR
Eighth District Court Clerk

---

[4]Because the untimely service issue is dispositive, we need not address the parties' arguments regarding the number of petition copies NRS 612.530(2) requires a petitioner to serve on the ESD Administrator and whether failure to comply with that rule provided a separate basis to dismiss Chopra's petition.

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.