**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY EDWARD DILLON, | No. 08-17759 |
| Plaintiff - Appellee, | D.C. No. 3:03-cv-00203-ECR-RAM |
| v. | |
| WEST PUBLISHING CORPORATION; WEST GROUP; THOMPSON CORPORATION; THOMPSON LEGAL PUBLISHING CORPORATION, | MEMORANDUM* |
| Defendants - Appellants. | |

| | |
|---|---|
| LARRY EDWARD DILLON, | No. 09-15055 |
| Plaintiff - Appellant, | D.C. No. 3:03-cv-00203-ECR-RAM |
| v. | |
| WEST PUBLISHING CORPORATION; WEST GROUP; THOMPSON CORPORATION; THOMPSON LEGAL PUBLISHING CORPORATION, | |
| Defendants - Appellees. | |

---

      \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Argued and Submitted April 13, 2010
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and MOODY, Senior District Judge.[**]

West Publishing Corp. and related companies ("West") appeal the district court's judgment in favor of Larry Dillon in his action under the Age Discrimination in Employment Act ("ADEA").

West appeals the district court's ruling of the motion to dismiss and motion to amend the complaint. Dillon cross appeals the district court's judgment as a matter of law on the issue of willfulness. In a post-briefing motion, West appeals the judgment for Dillon based upon an erroneous jury instruction given by the district court at the first trial.

I.     **Service of Process**

West was served in state court prior to removal. Therefore, service of process should have been analyzed under Nevada law not federal law. Under Nevada Rule of Civil Procedure 4, "[d]ismissal is mandatory unless there is a

---

[**]     The Honorable James Maxwell Moody, Senior United States District Judge for the District of Arkansas, sitting by designation.

legitimate excuse for failing to serve within the 120 days. The determination of good cause is within the district court's discretion." *Scrimer v. Eighth Judicial Dist. Court ex rel. County of Clark,* 998 P.2d 1190, 1193-94 (Nev. 2000) (internal citations omitted).

Accordingly, the district court's denial of West's motion to dismiss for failure to timely serve the Summons and Complaint is reversed. The case is remanded to the district court with directions to analyze Dillon's failure to timely serve and to make a determination, if necessary, as to whether Dillon has shown good cause for the failure to timely serve under Nevada law. We consider the remaining issues on appeal in the event the district court determines dismissal is not required.

## II.    Amendment of the Complaint

West appeals the district court's decision to allow Dillon to amend his complaint to add his ADEA claim. West argues that the ADEA claim was time-barred because it was added one year after Dillon received his right to sue letter. The district court allowed the amendment and found that the ADEA claim was not barred by the statute of limitations because the claim related back to the date of the original complaint pursuant to Federal Rule of Civil Procedure 15(c). The Court applies the relation-back doctrine if the new claim arises from the same "conduct,

3

transaction, or occurrence" as the original claim. FED. R. CIV. P. 15(c)(1)(B). The district court did not abuse its discretion by allowing the amendment to relate back to Dillon's original complaint under Rule 15(c).

Dillon was not issued a right to sue letter by the EEOC on his ADEA claim until after he filed suit. Commencement of an ADEA or Title VII claim without a right to sue letter is grounds for dismissal of the action. *See Wrighten v. Metro. Hosp., Inc.*, 726 F.2d 1346, 1351 (9th Cir. 1984). A complainant, nevertheless, may file an action prior to receiving her right to sue letter, provided the state was not precluded from performing its administrative duties or that the defendant was prejudiced. *Id.* Here, there has been no showing that West was prejudiced by the late filing of the right to sue letter or that the state was precluded from performing any administrative duties.

## III.   The Testimony of John Cloutier

Before trial, Magistrate Judge Robert A. McQuaid, Jr. ruled that Dillon could not use the Cloutier testimony in his case-in-chief because of Dillon's failure to make adequate disclosures under Federal Rule of Civil Procedure 26(a) and (e). At trial, Dillon was allowed to present the Cloutier admission testimony on rebuttal.

Although Rule 37(c)(1) states that a party failing to provide information required by Rule 26(a) or (e) should not be allowed to use that information at trial, "Federal Rule of Civil Procedure 37(b)(2) gives a district judge discretion to 'make such orders . . . as are just' in regard to a party's failure to obey a discovery order . . . ." *Valley Eng'r Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998) (first alteration in the original). The district court did not abuse its discretion by imposing the sanction.

In the alternative, West argues that the district court erred in finding that Cloutier's testimony was proper rebuttal evidence. The district court correctly determined that testimony by Rose Titus, Dillon's former co-worker, elicited by West, opened the door as to what Kennedy told John Cloutier regarding the reason Dillon was terminated. It was within the district court's discretion to allow Cloutier to testify regarding his statements to Titus.

**IV.    Evidence of Dillon's Felony Fraud Conviction**

The district court did not abuse its discretion by excluding Dillon's fourteen-year-old criminal conviction.

**V.    Damages Calculation at Second Trial**

West contends that the district court erred when it allowed Dillon to submit a new damage calculation for the second trial on damages. The court cited Federal

5

Rule of Civil Procedure 26(a)(1) which requires the disclosure of a computation of each category of damages claimed by the disclosing party, and Rule 26(e) which requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect." The court noted that it had the authority to prevent a violating party from introducing any undisclosed evidence at trial. However, a court may instead "impose other appropriate sanctions." FED. R. CIV. P. 37(c)(1)(C). The district court's decision was well reasoned and within its discretion.

## VI.    Willfulness

Viewed in its entirety, the evidence presented at trial was sufficient to support the district court's decision to grant judgment as a matter of law on the issue of willfulness. There was no evidence presented at trial that the decision makers, other than Kennedy, had a discriminatory motive or acted with knowing or reckless disregard of the ADEA's requirements. There was no evidence that Kennedy unilaterally made the decision to terminate Dillon or that Kennedy alone had the authority to terminate Dillon.

## VII.   Jury Instructions

The United States Supreme Court decided *Gross v. FBL Fin'l Servs. Inc.*, 129 S.Ct. 2343 (2009), while this case was on appeal. According to *Gross*, an

ADEA plaintiff is required to prove that his age was the "but-for" cause of his termination whether the plaintiff relies on direct evidence or pretext to prove his case. We asked for supplemental briefing and conclude there was instructional error in the jury instructions requiring reversal.

The district court did not use the "but-for" requirement in its instruction to the jury. Because neither party objected to the jury instructions as given by the district court at trial, Dillon argues that West has waived its right to appeal the instructions. This court will exercise its discretion to reach the issue because *Gross* required a change in the law of the circuit and Dillon does not dispute that the instructions were erroneous under *Gross*.

Dillon argues that the instruction given by the district court was harmless because the instructions as a whole were adequate. After a review of the jury instructions, it is clear that the jury was repeatedly instructed that age had to be a "motivating factor" in West's decision to terminate Dillon. The term was included in the elements instruction and was repeated on the verdict form. Furthermore, West's counsel repeated the term in his closing argument. The instructions were erroneous and that error requires a new trial in light of *Gross*.

7

**CONCLUSION**

The district court erroneously applied federal law instead of Nevada law on the issue of timely service of process. Therefore, we reverse the district court's denial of West's motion to dismiss for failure to timely serve process and remand to the district court to make the determination pursuant to Nevada law. In the event the district court determines service was not untimely, a new time limit is required as a result of instructional error under *Gross*. The judgment is otherwise affirmed. The case is **REVERSED** in part; **REMANDED** in part; and **AFFIRMED** in part. Each party shall bear its own costs.