STATE OF NEVADA, Through ROBERT J. MILLER, District Attorney of Clark County, Nevada, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK, and the HONORABLE ADDELIAR D. GUY, Respondents.

No. 12976

February 20, 1981                          623 P.2d 976

Robert J. Miller, District Attorney, and Stanley W. Parry, Deputy District Attorney, Clark County, for Petitioner.

Ira H. Hecht, Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The Justice Court of Las Vegas reduced the amount of a bail bond forfeiture by a surety from $3,000 to $1,500. The State filed a notice of appeal to the district court. The district court dismissed the appeal on the ground that it lacked jurisdiction. Apparently the court found that a bail bond forfeiture was a criminal proceeding from which the State had no statutory right of appeal. *See* NRS 189.120.

This court has not previously addressed the question of whether a bail bond forfeiture proceeding is civil or criminal in

nature. However, other courts have treated such proceedings as civil in nature and have applied the procedural rules governing civil actions. *See, e.g.,* United States v. Plechner, 577 F.2d 596 (9th Cir. 1978); People v. Argonaut Ins. Co., 139 Cal.Rptr. 795 (Cal.App. 1977); LaRue v. Burns, 268 N.W.2d 639 (Iowa 1978); City of Westwood v. Holland, 394 P.2d 56 (Kan. 1964); State v. Norton, 347 S.W.2d 849 (Mo. 1961); State v. United Bonding Insurance Company, 464 P.2d 884 (N.M. 1970). Such treatment is logical. A bail bond is a contract between the State and the surety of the accused. A bail bond forfeiture action does not involve guilt or innocence, conviction or acquittal. Although it arises out of a criminal proceeding, it has all the indicia of a civil proceeding and none of the indicia of a criminal proceeding.

Since a bail bond forfeiture action is a civil proceeding, the filing of an appeal therefrom is governed by the civil rules. *See* United States v. Plechner, *supra;* People v. Montaigne, 407 N.E.2d 1107 (Ill.App. 1980). Therefore, the State has a right of appeal to the district court, Nev. Const. art. 6, § 6; NRS 3.190(2); NJRCP 72, and the district court erred in its determination that it lacked jurisdiction. Where a district court erroneously decides that it lacks jurisdiction over a matter, mandamus is the proper remedy. Buckholt v. District Court, 94 Nev. 631, 584 P.2d 672 (1978); Benson v. District Court, 85 Nev. 327, 454 P.2d 892 (1969).

Accordingly, a writ of mandamus shall issue forthwith directing the respondent court to vacate its order of dismissal and to hear the State's appeal in this matter.

Writ granted.