OPINION
 

 Per Curiam:
 

 Mario Marquez (“Marquez”) was arrested and placed in the custody of the Clark County Detention Center. On December 6,
 
 *1062
 
 1995, a criminal complaint was filed in the Las Vegas Justice Court charging him with separate counts of conspiracy to traffic and trafficking in a controlled substance.
 

 On December 7, 1995, Marquez was present and “in custody” for his initial justice court arraignment. A preliminary hearing was set for December 22, 1995. On December 21, 1995, International Fidelity Insurance (“IFIC”) issued bail bonds totaling $13,000.00 to secure Marquez’s appearance for subsequent court proceedings. The bail bonds were issued through Pat’s Bail Bonds, IFIC’s duly appointed agent in the state of Nevada. Thus, Marquez was released from custody.
 

 Marquez appeared as scheduled on December 22, 1995, at which time he waived his preliminary hearing. His return date for arraignment in district court was set for January 2, 1996.
 

 After Marquez failed to appear at his initial arraignment in district court, Marquez’s counsel requested a continuance to produce Marquez. The district court ordered the matter reset for January 16, 1996.
 

 When Marquez again failed to appear on January 16, 1996, the district court issued a no-bail bench warrant. On January 25, 1996, the district court filed and mailed a notice of “intent to forfeit” to IFIC and Pat’s Bail Bonds. This notice contained a forfeiture date of July 24, 1996, and set a show cause hearing date for August 2, 1996. IFIC received this notice on January 29, 1996.
 

 On March 5, 1997, the district court issued its final order denying a motion by IFIC for exoneration of the bonds claiming failure of the district court to comply with NRS 178.508. IFIC filed this timely appeal.
 

 Having reviewed the briefs and having had the benefit of oral argument of counsel, we dismiss IFIC’s appeal.
 

 Standard of review
 

 The district court has broad discretion in addressing its internal matters. Discretionary matters are “ ‘uncontrolled by fixed rules of law.’” Goodman v. Goodman, 68 Nev. 484, 487, 236 P.2d. 305, 307 (1951) (quoting Bouvier’s Law Dictionary 884 (3d rev. 1914)). This autonomy vests the district court with implied authority to excuse absences by persons accused. Also, the court may implicitly excuse an absence. Only where there is a manifest abuse of discretion may a decision of the trial court be reviewed and corrected by this court.
 
 Id.
 

 Discussion
 

 1. IFIC contends that NRS 178.508 requires that the district
 
 *1063
 
 court expressly record the excuse of a bailee’s non-appearance. The statute provides in pertinent part:
 

 If the [bailee] fails to appear when his presence in court is lawfully required and not excused, the court shall direct the fact of such failure to appear to be entered upon its minutes. If the undertaking exceeds $50 or money deposited instead of bail bond exceeds $500, the court shall direct that the sureties and the local agent of each surety, or the depositor if he is not the [bailee], be given notice that the [bailee] has failed to appear, by certified mail within 15 days after the failure to appear, and shall execute an affidavit of such mailing to be kept as an official public record of the court. The undertaking or money instead of bail bond is forfeited upon the expiration of 180 days after the notice is mailed, except as otherwise provided in NRS 178.509.
 

 Because the court minutes do not contain express language excusing Marquez’s absence, IFIC argues that Marquez’s first nonappearance on January 2, 1996, was unexcused. As a result, IFIC contends that the district court did not comply with NRS 178.508 when it failed to send the required notification of forfeiture within fifteen days of that date.
 
 See
 
 State of Nevada v. American Bankers Ins., 106 Nev. 880, 802 P.2d 1276 (1990); Harris v. State, 104 Nev. 246, 756 P.2d 556 (1988) (holding that NRS 178.508 should be strictly construed). We disagree.
 

 We conclude that, although the statute requires entry of unexcused absences into the minutes, the reverse is not true. The district court was only required to register in the minutes the ultimate unexcused non-appearance. In this case, the district court implicitly excused Marquez’s non-appearance when it issued a continuance pending counsel’s location of Marquez. Because the court implicitly excused this non-appearance, it was not obligated to make an entry in the minutes. In this case, the ultimate unexcused non-appearance occurred on January 16, 1996, when the court issued the bench warrant. This triggered the NRS 178.508 notice requirements. The district court filed notice of forfeiture on January 25, 1996, well within the fifteen-day period prescribed in the statute. Thus, the trial court fulfilled its statutory obligations. Therefore, IFIC’s contentions are without merit.
 

 2. IFIC contends that the failure to provide notice of Marquez’s first non-appearance resulted in prejudice that requires exoneration of the bond. The lack of notice, IFIC argues, gave Marquez a two-week head start to abscond. However, this con
 
 *1064
 
 tention is also without merit because there was no showing of actual prejudice from the delay and prejudice is not presumed. There was no guarantee that, had IFIC been aware of the January 2, 1996 failure to appear, IFIC would have been able to find Marquez.
 

 3. IFIC contends that NRS 178.508 is analogous to California Penal Code § 1305 and that we should adopt the rulings of California courts construing its forfeiture statutes. This we decline to do because, in our view, the statutes are dissimilar.
 

 For these reasons, we conclude that the district court did not violate NRS 178.508 by failing to incorporate the excused absence into the official minutes. Accordingly, we affirm the district court’s decision to deny the motion.