ALL STAR BONDING, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 38699

February 12, 2003                      62 P.3d 1124

*Mayfield, Turco & Gruber* and *Harvey Gruber,* Henderson, for
Appellant.

*David J. Roger,* District Attorney, and *James Tufteland,* Chief
Deputy District Attorney, Clark County, for Respondent.

Before SHEARING, LEAVITT and BECKER, JJ.

## OPINION

*Per Curiam:*

In this appeal, we consider whether a bail bond containing an express provision that it would expire and have no legal effect after one year from the date of the bond should have been forfeited when the criminal defendant failed to appear in court after the one-year period had passed. The district court held there is an implied requirement in a bail bond that the criminal defendant be returned to custody before a bondsman can be relieved of liability. We disagree. We conclude that the terms of the bond contract are controlling. We reverse the district court's order forfeiting the bond and remand the matter to the district court to exonerate the bond.

### FACTS

On April 1, 2000, appellant All Star Bonding posted a $3,000 bail bond with the Las Vegas Justices' Court for the release of a criminal defendant charged with attempted grand larceny. The bond provided:

> This bond shall be in full force and effect until any of the following events: (1) Exoneration by court order, (2) Termination of this case by dismissal or conviction or (3) The expiration of one (1) year from the date of this bond, at which time this bond shall become void and of no legal effect.

Following the posting of the bail bond, the criminal defendant failed to appear before the court for his initial arraignment on two occasions. Finally, on February 8, 2001, the criminal defendant made an appearance, was arraigned, and entered a guilty plea to attempted grand larceny. He was ordered to appear for sentencing on May 24, 2001.

On May 24, 2001, the criminal defendant failed to appear for sentencing. As a result, on June 4, 2001, the district court sent a

notice of intent to forfeit All Star's surety bond. This notice provided that the surety bond would be declared forfeited on December 2, 2001.

On August 6, 2001, All Star filed a motion to exonerate the bond, arguing that because the bond had expired, by its terms, on April 1, 2001, the contract was void and of no legal effect on May 24, 2001, when the criminal defendant failed to appear for sentencing. The motion was heard and denied on September 7, 2001. The court concluded, "The Court's premise is very simple. If you put up collateral promising that someone's going to appear, and you don't come back and then surrender on the expiration date, you still have an obligation. You can't just walk away, and you say you had no responsibility." The district court ordered the bail bond forfeited.

All Star filed a timely appeal claiming the district court erred in ordering forfeiture of the bond after the bond had expired.

## DISCUSSION

"A bail bond is a contract between the State and the surety of the accused."[1] Contract interpretation is a question of law and this court reviews the district court's findings de novo.[2] Bail bonds are also governed by statute.[3] "This court reviews the construction of a statute de novo."[4]

" 'The language of the bond contract is strictly construed in accordance with the terms contained therein.' "[5] We have previously stated that the court should not revise a contract under the guise of construing it.[6] Further, "[n]either a court of law nor a court of equity can interpolate in a contract what the contract does not contain."[7]

In this case, the bail bond contract provided that it would expire one year from the date of the bond and become void and of no legal effect. This only guaranteed the criminal defendant's appearance in court for a period of one year, beginning April 1,

[1]*State v. District Court,* 97 Nev. 34, 35, 623 P.2d 976, 976 (1981).

[2]*Grand Hotel Gift Shop v. Granite St. Ins.,* 108 Nev. 811, 815, 839 P.2d 599, 602 (1992).

[3]*State v. Stu's Bail Bonds,* 115 Nev. 436, 438, 991 P.2d 469, 470 (1999).

[4]*Id.* at 438, 991 P.2d at 471 (citing *County of Clark v. Upchurch,* 114 Nev. 749, 753, 961 P.2d 754, 757 (1998)).

[5]*U.S. v. Vaccaro,* 51 F.3d 189, 193 (9th Cir. 1995) (quoting *United States v. Lujan,* 589 F.2d 436, 438 (9th Cir. 1978)).

[6]*Club v. Investment Co.,* 64 Nev. 312, 324, 182 P.2d 1011, 1016 (1947).

[7]*Id.* at 324, 182 P.2d at 1017 (internal quotation marks and citation omitted).

2000. When the criminal defendant failed to appear for sentencing on May 24, 2001, the bond had already expired.

The State argues that the bond term, limiting the effect of the agreement to one year, is unenforceable because such a limitation is against the public policy of ensuring that a defendant returns to court when he is released. The State argues that public policy requires an implied term that the surety must return the defendant to the court at the end of the bond contract period. The State accurately points out that the court may consider legislation or judicial decisions to determine public policy considerations. Neither, however, supports the State's position.

NRS 178.502(2) provides, "Any bond or undertaking for bail must provide that the bond or undertaking extends, for a period of at least 1 year." This statute requires that bail bond terms be no shorter than one year in duration. This does not express a public policy against limitations in the bail bond term; rather, it allows such limitations. There is nothing in the bond contract itself, or in Nevada's statutes, that provides a requirement for delivery of the criminal defendant to custody after the expiration of the bond term.

A New York court, on similar facts, held that the bond became void after one year based on an express term limit in the bond contract.[8] The New York court followed the general rule that liability of a surety is limited to the express contractual obligation.[9] The court refused to impose a duty on the bondsman to notify the court that the bond was about to expire, stating that case law in other contexts clearly establishes that "a surety is not responsible for the principal's failure to appear in court after the court has erroneously permitted the principal to remain at liberty beyond the terms of the bail bond."[10]

Here, the district court accepted the bail agreement, which expressly limited its effectiveness to one year. The criminal defendant appeared for his arraignment on February 8, 2001, when the bond was still in effect. When the criminal defendant failed to appear for sentencing, the bond had already expired.

It is noteworthy that in Bronx County, New York, as well as in Nevada's Eighth Judicial District Court, the problems arising from limited-term bail bonds have been solved in the same manner.[11] By court order, entered by the criminal judges, the courts will no longer accept bonds that have a limited term.

---

[8]*People v. Stuyvesant Ins. Co.,* 413 N.Y.S.2d 843, 850 (Sup. Ct. 1979).

[9]*Id.* at 846-47.

[10]*Id.* at 849.

[11]*See id.* at 850.

Other courts, construing bond contracts, have stated that because bondsmen make calculated risks when entering into surety agreements, they cannot be held to any greater undertaking than they have agreed to.[12] The terms of the bond should be "construed strictly in favor of the surety."[13] We agree. As we have previously stated, "We are not free to modify or vary the terms of an unambiguous agreement."[14]

## CONCLUSION

The bail bond in this case unambiguously provided that the bond would become void and of no legal effect after one year from the date of the bond. Accordingly, we conclude that the bond had expired and had no legal effect by the time the criminal defendant failed to appear. We, therefore, reverse the district court's forfeiture of the bond and remand for the bond to be exonerated.

---

[12]*See U.S. v. Vaccaro,* 51 F.3d 189, 193 (9th Cir. 1995); *Rodriques v. People,* 554 P.2d 291, 292-93 (Colo. 1976); *State v. Ericksons,* 746 P.2d 1099, 1100 (N.M. 1987).

[13]*Ericksons,* 746 P.2d at 1100.

[14]*Kaldi v. Farmers Ins. Exch.,* 117 Nev. 273, 281, 21 P.3d 16, 21 (2001) (citing *State ex rel. List v. Courtesy Motors,* 95 Nev. 103, 107, 590 P.2d 163, 165 (1979)).