INTERNATIONAL FIDELITY INSURANCE COMPANY, BY AND THROUGH ITS LOCAL AGENT, BLACKJACK BONDING, INC., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 41324

INTERNATIONAL FIDELITY INSURANCE COMPANY, BY AND THROUGH ITS LOCAL AGENT, BLACKJACK BONDING, INC., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 41325

INTERNATIONAL FIDELITY INSURANCE COMPANY, BY AND THROUGH ITS LOCAL AGENT, BLACKJACK BONDING, INC., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 41326

INTERNATIONAL FIDELITY INSURANCE COMPANY, BY AND THROUGH ITS LOCAL AGENT, BLACKJACK BONDING, INC., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 41327

INTERNATIONAL FIDELITY INSURANCE COMPANY, BY AND THROUGH ITS LOCAL AGENT, BLACKJACK BONDING, INC., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 41328

INTERNATIONAL FIDELITY INSURANCE COMPANY, BY AND THROUGH ITS LOCAL AGENT, BLACKJACK BONDING, INC., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 41329

INTERNATIONAL FIDELITY INSURANCE COMPANY, BY AND THROUGH ITS LOCAL AGENT, BLACKJACK BONDING, INC., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 41330

INTERNATIONAL FIDELITY INSURANCE COMPANY, By and Through Its Local Agent, BLACKJACK BOND-ING, INC., Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 41331

February 2, 2006 126 P.3d 1133

*Jones Vargas* and *Constance L. Akridge* and *Tracy A. DiFillippo*, Las Vegas, for Appellant.

*David J. Roger*, District Attorney, and *James Tufteland*, Chief Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

These appeals seek our review of district court orders entered in ancillary bail bond proceedings. We take this opportunity to clarify our jurisdictional case law and conclude that since no statute or court rule authorizes an appeal from any order entered in an ancillary bail bond proceeding, we lack jurisdiction to review appeals from these types of orders.[1] Accordingly, the proper mode of review for orders entered in ancillary bail bond proceedings is by an original writ petition.

## BACKGROUND

International Fidelity Insurance Company, the surety for Blackjack Bonding, appeals from district court orders denying its motions to remit surety bonds entered in eight separate district court proceedings. These appeals have been consolidated for the purposes of this court's review. Respondent has moved to dismiss all eight of these appeals, arguing that the notice of appeal in each case was untimely filed and therefore this court lacks jurisdiction to consider the appeals. Additionally, we have directed appellant to explain why the challenged orders are substantively appealable.

## DISCUSSION

### Appealability of orders entered in bail bond forfeiture proceedings

In *State v. District Court*,[2] a 1981 decision, this court held that a bail bond forfeiture action is a civil proceeding, even though it arises out of a criminal action. We further concluded that, because bail bond proceedings are civil in nature, civil rules govern appeals from bail bond proceedings.[3] Our decision in *State v. District Court* did not, however, address the jurisdictional basis for appeals from orders entered in ancillary civil bail bond proceedings. Although this court has resolved a number of appeals from various orders arising in bail bond proceedings,[4] it has never addressed the jurisdictional basis for appeals from these types of orders.

---

[1]*Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984); NRAP 3A(b).

[2]97 Nev. 34, 623 P.2d 976 (1981).

[3]*Id.*

[4]*See, e.g., All Star Bonding v. State of Nevada*, 119 Nev. 47, 62 P.3d 1124 (2003) (appeal from order forfeiting bail bond); *State v. Stu's Bail Bonds*, 115

This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule.[5] Accordingly, for an order entered by the district court in an ancillary bail bond proceeding to be appealable, a statute or court rule must authorize the appeal. No rule or statute authorizes an appeal from an order denying a motion to remit surety bond or any other order entered in an ancillary bail bond proceeding.[6] Consequently, these orders are not appealable.

As we conclude that orders entered in ancillary bail bond proceedings are not appealable, these orders must therefore be challenged through an original writ petition.[7] Accordingly, the State, a bail bondsman, or a bondsman's surety seeking to challenge a district court order entered in a bail bond proceeding should do so by filing an original petition for writ relief.

Generally, a petition for a writ of mandamus will be the appropriate vehicle for challenging an order entered in an ancillary bail bond proceeding. A writ of mandamus is available to compel the performance of an act that the law requires or to control a manifest abuse of discretion.[8] In our previous decisions reviewing district court orders entered in bail bond proceedings, we have applied an abuse of discretion standard of review.[9] Typically, a district court's decision in a bail bond proceeding will be based on factual determinations made by the district court. In the appellate context, this court will not disturb a district court's findings of fact unless they are clearly erroneous and not based on substantial evidence.[10]

---

Nev. 436, 991 P.2d 469 (1999) (appeal from order granting motion to exonerate bail bond); *Int'l Fidelity Ins. v. State of Nevada*, 114 Nev. 1061, 967 P.2d 804 (1998) (appeal from order denying motion to exonerate bail bond); *Surety Midland Ins. v. State of Nevada*, 97 Nev. 108, 625 P.2d 90 (1981) (appeal from denial of motion to set aside forfeiture of a bail bond).

[5]*Taylor*, 100 Nev. 207, 678 P.2d 1152.

[6]*See* NRAP 3A(b) (listing orders that may be appealed); NRS 178.506-178.522 (outlining procedures related to the forfeiture of bail bonds).

[7]*See* Nev. Const. art. 6, § 4 (giving this court jurisdiction to consider original petitions for mandamus and prohibition); NRS Chapter 34; NRAP 21.

[8]*See* NRS 34.160; *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 637 P.2d 534 (1981).

[9]*See Int'l Fidelity*, 114 Nev. 1061, 967 P.2d 804 (applying a manifest abuse of discretion standard of review to an appeal from an order denying a motion to exonerate a bail bond); *State of Nevada v. American Bankers Ins.*, 106 Nev. 880, 802 P.2d 1276 (1990) (applying an abuse of discretion standard of review to an appeal from an order exonerating bail bonds); *Surety Midland*, 97 Nev. 108, 625 P.2d 90 (applying an abuse of discretion standard of review to an appeal from a denial of a motion to set aside the forfeiture of a bail bond).

[10]*Guaranty Nat'l Ins. Co. v. Potter*, 112 Nev. 199, 206, 912 P.2d 267, 272 (1996) (quoting *Nevada Ins. Guaranty v. Sierra Auto Ctr.*, 108 Nev. 1123,

Thus, if the district court's findings are supported by substantial evidence, then the district court has generally not abused its discretion in ruling on a bail bond matter. And, if the district court has not abused its discretion in ruling on a bail bond matter, it has not manifestly abused its discretion, and a writ of mandamus will not be warranted.

### CONCLUSION

We conclude that neither orders denying motions to remit surety bonds nor any other orders entered in an ancillary bail bond proceeding are substantively appealable, and therefore we lack jurisdiction over appeals from such orders. The proper vehicle for obtaining review of an order entered in an ancillary bail bond proceeding is through an original writ petition. Accordingly, as we lack jurisdiction over these appeals, we dismiss them.[11]

---

1126, 844 P.2d 126, 128 (1992)); *Beverly Enterprises v. Globe Land Corp.*, 90 Nev. 363, 365, 526 P.2d 1179, 1180 (1974).

[11]In light of this opinion, we deny as moot respondent's motion to dismiss these appeals. Because we conclude that the motion to dismiss was neither untimely nor baseless, however, we deny appellant's request for attorney fees.