An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

INTERNATIONAL FIDELITY
INSURANCE COMPANY; AND SWIFT
BAIL BONDS, INC.,
Appellants,
vs.
THE MUNICIPAL COURT OF THE
CITY OF LAS VEGAS; THE
HONORABLE GEORGE ASSAD,
MUNICIPAL COURT JUDGE; AND
CITY OF LAS VEGAS,
Respondents.

No. 58632

**FILED**

MAY 01 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a petition for a writ of mandamus relating to the forfeiture of a surety bond. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

International Fidelity Insurance Company and Swift Bail Bonds, Inc. (collectively, the surety) posted a bail bond for a defendant in Las Vegas Municipal Court. The defendant failed to appear at his hearing and the municipal court sent a notice of forfeiture to the surety.[1] The surety ordered the court's minutes, which indicated that the bond had been exonerated. The minutes showed "SPEC ASSESS FEE SURETY

---

[1]The defendant in the matter eventually appeared in court at a later date.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-14038

BOND EXON." There was no express reinstatement of the bond in the minutes entered after exoneration.[2]

The municipal court proceeded with forfeiture. After the bond was forfeited, the surety moved to set aside the forfeiture. The surety argued that it took no action because the minutes indicated that the bond had been exonerated. After the motion was denied, the surety petitioned for a writ of mandamus in the district court, asking that the district court order the municipal court to set aside the forfeiture. The district court denied the petition and the surety appealed.

"[T]he proper mode of review for orders entered in ancillary bail bond proceedings is by an original writ petition." *Int'l Fid. Ins. Co. ex rel. Blackjack Bonding, Inc. v. State*, 122 Nev. 39, 41, 126 P.3d 1133, 1133 (2006). "A writ of mandamus is available to compel the performance of an act that the law requires or to control a manifest abuse of discretion." *Id.* at 42, 126 P.3d at 1134. "A manifest abuse of discretion is a clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *State v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (internal quotation omitted).

Under NRS 178.506, bail is forfeited after the breach of a condition of the bond. Here, the municipal court exonerated the bond. At that time, the court should have released the bail. NRS 178.522. There should have been no bail left to forfeit at the time of the forfeiture proceedings. Therefore, we hold that the municipal court abused its discretion by forfeiting bail that should have been released with

---

[2]The parties did not argue, and we do not address, whether minute orders are ineffectual. *See* AOB 6-8; RAB 14-16.

 

exoneration of the bond. The district court abused its discretion by not issuing a writ of mandamus compelling the municipal court to set aside the erroneous forfeiture. On remand, the district court shall issue that writ.

Accordingly we,

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jennifer P. Togliatti, District Judge
Armstrong Teasdale, LLP/Las Vegas
Las Vegas City Attorney/Criminal Division
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A