132 Nev., Advance Opinion 47

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RICHARD JUSTIN, D/B/A JUSTIN BROS BAIL BONDS; AND INTERNATIONAL FIDELITY INSURANCE COMPANY, Petitioners, vs. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE JANET J. BERRY, DISTRICT JUDGE, Respondents, and THE STATE OF NEVADA, Real Party in Interest. | No. 67786 FILED JUN 3 0 2016 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus challenging the denial of a motion to exonerate a bail bond.

*Petition denied.*

Richard F. Cornell, Reno,
for Petitioners.

Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno,
for Respondents.

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Keith G. Munro, Deputy District Attorney, Washoe County,
for Real Party in Interest.

---

BEFORE DOUGLAS, CHERRY and GIBBONS, JJ.

SUPREME COURT
OF
NEVADA

(O) 1947A

8/24/16: Corrected per letter to publishers. CJ

16-20460

## OPINION

By the Court, DOUGLAS, J.:

In this writ petition challenging a district court order denying exoneration of a bail bond, we are asked to consider whether Nevada's statutory scheme governing bail bonds provides for automatic exoneration of a surety bond when a defendant is remanded to custody or convicted. We conclude that NRS 178.509's plain language does not espouse such an intent. Accordingly, we deny writ relief.

## FACTS

On September 18, 2013, Norman Dupree was arrested and incarcerated in Washoe County Jail. Dupree's bail bond was set at $25,000. Petitioners Justin Bros Bail Bonds and International Fidelity Insurance Company (collectively Justin Bros)[1] posted Dupree's bond (bond number one). The respective bond agreement provided that Dupree would answer to the charges specified and be amenable to the orders and process of the court. The agreement further specified that if Dupree failed to meet its conditions, Justin Bros would pay the State of Nevada $25,000.

On January 30, 2014, while out of custody on bail, Dupree appeared before the Second Judicial District Court for arraignment. During the hearing, the district court ordered Dupree to complete drug testing. Dupree tested positive, and consequently, the district court added supervision to the conditions of his bail and rescheduled his arraignment for March 18, 2014.

---

[1]Justin Bros is the agent of International Fidelity Insurance Company.

 

Dupree was remanded to custody based on a pretrial supervision violation on January 31, 2014. Bonafide Bail Bonds then posted a $20,000 bond (bond number two) on February 3, 2014, to secure Dupree's rerelease from custody. Justin Bros did not attempt to exonerate bond number one during the time Dupree was incarcerated.

On March 18, after Dupree failed to appear for his arraignment, the district court issued notices of intent to forfeit. The district court provided that bond number one and bond number two would be declared forfeited in 180 days under NRS 178.506, 178.509, and 178.514 and noted that Dupree's failure to appear for his scheduled arraignment constituted a breach of the agreed-upon conditions of bail. On March 21, the district court issued a bench warrant, and set bond at $50,000, cash only. But according to Dupree, when he attempted to surrender himself on March 21, the Washoe County Sheriff's Office did not take him into custody because the bench warrant was not entered in the justice system records.

Thereafter, Dupree surrendered himself to Bonafide. In turn, Bonafide surrendered him to the Washoe County Sheriff's Office on May 14, 2014, and bond number two was exonerated. Dupree's arraignment was rescheduled for June 10, 2014, and Justin Bros, without seeking to exonerate bond number one, posted another bond for $20,000 (bond number three) to secure Dupree's release pending the June

arraignment.[2] Dupree failed to appear for the June arraignment, and the district court ordered that bond number three be forfeited.

Dupree's counsel subsequently requested a status hearing, which was scheduled for July 24, 2014. Again, Dupree failed to appear. The district court took no further action, noting that the bench warrant with bail set at $50,000 was still active.

In August 2014, Justin Bros filed a motion for exoneration of bond number one, arguing that it was never informed of Dupree's June 10 arraignment and that it was unclear whether Dupree was informed. Justin Bros also argued that notwithstanding Dupree's failure to appear in court on June 10, bond number one should have been exonerated when the court revoked Dupree's supervised bail in January or when Bonafide posted bond number two in February, allowing Dupree to be rereleased.

Respondent Second Judicial District Court Judge Janet Berry denied Justin Bros' motion, observing that: (1) Justin Bros did not attempt to exonerate bond number one while Dupree was in custody from January 31 through February 3, or after Bonafide surrendered Dupree to custody on May 14, but instead posted bond number three; (2) Dupree failed to appear for his arraignments, had yet to be arraigned, and remained out of custody despite Justin Bros' acknowledgment that it had been in contact with Dupree; and (3) a bench warrant had been issued. The court concluded that, because Dupree had not appeared before it since January 30, 2014, bond number one could not be exonerated. On

_____

[2]Although the $50,000 cash only bond was still in place, because it did not appear in the justice system records, Dupree was released on a $20,000 bond.

October 6, 2014, the district court entered a judgment of forfeiture for bond number one.

On October 23, 2014, Justin Bros filed a motion for reconsideration or an alternative order to set aside judgment, arguing that when Dupree's release was revoked on January 31, and he was taken back into custody, bond number one should have been exonerated pursuant to NRS 178.509(1)(b)(4) (providing that the court shall not exonerate the bond before the date of forfeiture unless the defendant is "being detained by civil . . . authorities"). Justin Bros also argued that when a new bail was set for the same charges and Bonafide posted bond number two, bond number one was automatically exonerated, as custody of Dupree then belonged to Bonafide. Further, Justin Bros maintained that because the $50,000 cash-only warrant had not been entered into the justice system records, Dupree was not held in custody after Bonafide turned him in, but instead was rebailed on bond number three, which replaced bonds one and two and therefore exonerated those bonds.

While Justin Bros' motion was pending, Dupree surrendered. At that time, bond number three was exonerated. On December 8, 2014, Justin Bros filed a reply in support of its motion for reconsideration, pointing out that it had since surrendered Dupree to Washoe County authorities, and that surrender took place within the statutory 180-day forfeiture time limit. The district court denied Justin Bros' motion, finding that Justin Bros had not presented any different evidence or persuasive legal authority to support reconsideration, or demonstrated that the court's forfeiture judgment was erroneous to justify setting it aside.

Following Dupree's guilty plea conviction and sentencing, Justin Bros filed a motion to declare the bond forfeiture judgment unenforceable or completely satisfied, or to exonerate bond number one. Justin Bros argued that bond number one should have been exonerated by operation of law under NRS 178.509(1)(a), NRS 178.512(1)(a)(1), NRS 178.514, NRS 178.522, NRS 178.526, and *People v. International Fidelity Insurance Co.*, 138 Cal. Rptr. 3d 883, 886-87 (Ct. App. 2012).[3] Justin Bros maintained that the following events triggered bond number one's exoneration: Dupree's remand to custody on January 31, 2014; Dupree's attempt to surrender to the Washoe County Sheriff's Office in March 2014; Bonafide's surrender of Dupree to custody on May 14, 2014, on bond number two; Justin Bros' surrender of Dupree to custody on bond number three, which occurred within 180 days of the court's notice of intent to forfeit bond; and Dupree's guilty plea and sentencing while in custody.

The district court denied the motion, finding that Justin Bros did not timely address the forfeiture of bond number one. In addition, the district court concluded that Justin Bros' reliance on *Accredited Surety* was grounded in California's penal code, providing for automatic exoneration, whereas no similar codification exists under Nevada law.

---

[3]Justin Bros cited to *International Fidelity*, 138 Cal. Rptr. 3d at 886-87, for the proposition that because the surety's responsibilities are based on its constructive custody of the defendant, when the defendant is remanded to custody, the surety no longer has responsibility for the defendant and the court "must act on its own motion to exonerate the bond, and if it fails to do so, exoneration is accomplished by operation of law."

Justin Bros now challenges the district court's order through an original petition for a writ of mandamus.

## DISCUSSION

A writ petition is the proper vehicle for challenging orders originating from ancillary bail bond proceedings. *All Star Bail Bonds, Inc. v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 45, 326 P.3d 1107, 1109 (2014). A writ of mandamus may issue to compel the performance of an act required by the law, or to control a manifest abuse of discretion. *Id.* Therefore, the question is whether the "district court manifestly abused its discretion in deciding whether to exonerate a bail bond." *Id.*

This petition presents an issue of statutory interpretation, namely, whether provisions of NRS Chapter 178 required the district court to exonerate bond number one or to set aside the forfeiture judgment. Statutory interpretation, even in the context of a writ petition, is a question of law that we review de novo. *See All Star Bonding v. State*, 119 Nev. 47, 49, 62 P.3d 1124, 1125 (2003). When the plain language of a statute establishes the Legislature's intent, we "will give effect to such intention." *We the People Nev. v. Miller*, 124 Nev. 874, 881, 192 P.3d 1166, 1170-71 (2008).

*Nevada law does not provide for automatic exoneration of a bail bond*

Justin Bros argues that various events, including Dupree's remand to custody on two occasions and his subsequent releases secured by bond numbers two and three, Dupree's attempt to surrender himself, Dupree's final surrender to Washoe County authorities through Justin Bros' bondsman, and Dupree's eventual guilty plea and sentence while in custody, required bond number one's exoneration by operation of law or that the bond forfeiture judgment be set aside. Justin Bros asserts that the district court "had no discretion and no legal authority to do anything

but exonerate the [b]ond." In contrast, the State on behalf of Judge Berry argues that the district court may not exonerate a bail bond in the absence of statutory authority, and because no such authority existed here, the court was prohibited from ordering exoneration. We agree.

NRS 178.509 provides:

1. If the defendant fails to appear when the defendant's presence in court is lawfully required, the court shall not exonerate the surety before the date of forfeiture prescribed in NRS 178.508 unless:

(a) The defendant appears before the court and the court, upon hearing the matter, determines that the defendant has presented a satisfactory excuse or that the surety did not in any way cause or aid the absence of the defendant; or

(b) The surety submits an application for exoneration on the ground that the defendant is unable to appear because the defendant:

(1) Is dead;

(2) Is ill;

(3) Is insane;

(4) Is being detained by civil or military authorities; or

(5) Has been deported,

and the court, upon hearing the matter, determines that one or more of the grounds described in this paragraph exist and that the surety did not in any way cause or aid the absence of the defendant.

2. If the requirements of subsection 1 are met, the court may exonerate the surety upon such terms as may be just.

The language of NRS 178.509 plainly prohibits courts from exonerating a bond for any reason other than those set forth under subsection 1. *All Star Bail Bonds*, 130 Nev., Adv. Op. 45, 326 P.3d at 1110. It establishes a two-step approach to exonerate a bond after a defendant fails to appear for a court proceeding. In the first step, exoneration of the bond may be initiated by the defendant or the surety. The defendant may initiate the process by appearing in court before the date of forfeiture, at which time the district court must have determined that either the defendant provided a satisfactory excuse or that the surety did not aid in the defendant's absence. In the alternative, the surety may initiate the exoneration process by application. When the surety submits an application, the district court must have determined that the surety did not aid in the defendant's absence and that the defendant is unable to appear because he or she is dead, ill, insane, being detained by civil or military authorities, or has been deported. Thus, the first step is complete if the district court makes findings pursuant to either option. At step two, the district court may exonerate a bond. Importantly, if the district court does not find that one of the conditions in the first step exists, then it "shall not" have the discretion to exonerate a bond. NRS 178.509(1).

A plain reading of NRS 178.509 not only fails to support Justin Bros' argument that bond number one was exonerated by operation of law, but it demonstrates quite the opposite. Exoneration is, in fact, prohibited after a defendant fails to appear, save certain limited circumstances. *All Star Bail Bonds*, 130 Nev., Adv. Op. 45, 326 P.3d at 1110 (noting that NRS 178.509(1)'s use of the words "shall not" demonstrates the Legislature's intent to prohibit the district court's discretion to exonerate a bond for any reasons other than the five

conditions listed in the statute). Indeed, even if one of the enumerated circumstances is met, exoneration is not mandatory. *State v. Stu's Bail Bonds*, 115 Nev. 436, 438, 991 P.2d 469, 470-71 (1999) ("Once the requirements of NRS 178.509(1) are met, the decision to grant exoneration of a bail bond rests within the discretion of the district court." (citing NRS 178.509(2)).

Here, it is undisputed that Dupree failed to appear for his arraignments, thereby breaching the agreement to answer the charges specified and to be amendable to the court process. Consequently, the district court was prohibited from exonerating bond number one, unless one of NRS 178.509(1)'s enumerated conditions materialized. But the district court did not find that Justin Bros did not aid Dupree's absence. To the contrary, the district court found that Justin Bros was admittedly in contact with Dupree, but failed to surrender him to the proper authorities. In addition, the district court did not make findings as to Dupree's reason for failing to appear at his arraignment.[4] Thus, according to the undisputed facts, and in contrast to Justin Bros' argument, the district court would have abused its discretion by proceeding to exonerate Justin Bros' bond.

---

[4]Justin Bros' argument that bond number one should have been exonerated pursuant to NRS 178.509(1)(b)(4) because he was taken into custody lacks merit. The appropriate inquiry is whether his detainment was the reason for his failure to appear.

Because we conclude that the district court applied NRS 178.509 properly, we deny writ relief.

_____, J.
Douglas

We concur:

_____, J.
Cherry

_____, J.
Gibbons