# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE DITTER
1997 TRUST, DATED APRIL 4, 1997,
REVISED AND RESTATED AUGUST
13, 2009 NICOLE DITTER.

No. 68580

BRET O. WHIPPLE,
Appellant,
vs.
DOROTHY JAKELSKY KYLE; AND
NEVADA SOCIETY FOR THE
PREVENTION OF CRUELTY TO
ANIMALS,
Respondents.

**FILED**

JUL 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order resolving a petition concerning the delivery of trust property. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

The decedent, Nicole Ditter, formed The Ditter 1997 Trust and named respondent Dorothy Kyle successor trustee. As Ditter's death was impending, through her power of attorney, Ditter retained Justice Law Center (JLC) to remove Kyle from the trust, and JLC deducted a $20,000 retainer from the trust's bank account. Ditter passed away the next day. After Ditter's death, Kyle petitioned the district court for the return of the retainer pursuant to NRS 148.410. The district court ordered JLC attorney Bret Whipple to return $18,950, the portion of legal fees unearned at the time of Ditter's death.

On appeal, JLC argues that because the claim arose as a result of Ditter's death, and not prior to Ditter's death, Kyle must initiate

16-23580

a civil action rather than seeking a district court order under NRS 148.410. We disagree.

The question presented is a mixed question of law and fact. "[T]his court will not disturb a district court's findings of fact unless they are clearly erroneous and not based on substantial evidence." *Int'l Fid. Ins. Co. v. State*, 122 Nev. 39, 42, 126 P.3d 1133, 1134-35 (2006). However, "[s]tatutory interpretation is a question of law reviewed de novo." *In re Resort at Summerlin Litig.*, 122 Nev. 177, 182, 127 P.3d 1076, 1079 (2006) (internal quotations omitted). "In interpreting a statute, this court looks to the plain language of the statute and, if that language is clear, this court does not go beyond it." *Branch Banking & Trust Co. v. Windhaven & Tollway, LLC*, 131 Nev., Adv. Op. 20, 347 P.3d 1038, 1040 (2015). NRS 148.410 provides, in relevant part:

> 1. The personal representative or an interested person may petition the court to enter an order:
>
>     . . . .
>
> (b) If the decedent died having a claim to property and another holds title to or is in possession of the property.

NRS 148.440(2) further provides:

> If the court is satisfied that the conveyance or transfer should be made, it shall enter an order directing the personal representative to execute the conveyance or transfer to the person entitled thereto.

We conclude that NRS 148.410 and NRS 148.440(2) are clear: if a person died having a claim to certain property, then the district court may order transfer of the property to the person entitled to it. Substantial evidence demonstrates that Ditter had a claim to the unearned portion of her retainer at the time of her death. *Black's Law Dictionary* defines a

SUPREME COURT
OF
NEVADA

(O) 1947A

"claim" as "[t]he aggregate of operative facts giving rise to a right enforceable by a court." *Claim, Black's Law Dictionary* (9th ed. 2009). Ditter had a right enforceable by a court under section one of Ditter and JLC's fee agreement, which provided that "[a] retainer in the amount of $20,000 will be deposited and held in Attorney Trust Account until it is earned."[1] At the time of Ditter's death, JLC had earned $1050 in fees. The remainder of the trust account funds had not yet been earned. Thus, Ditter had a claim to $18,950 enforceable by a court, and the district court was satisfied that the transfer should be made. We agree with the district court's determination. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

---

[1]Moreover, the language in the fee agreement reflects JLC's professional conduct obligations. *See* NRPC 1.15(c) ("A lawyer shall deposit into a client trust account legal fees . . . that have been paid in advance, to be withdrawn by the lawyer only as fees are earned . . . .").

[2]We conclude that oral argument not warranted. *See* NRAP 34(f)(1).

cc: Hon. Gloria Sturman, District Judge
Justice Law Center
Kyle & Kyle
Walls Law Firm
Eighth District Court Clerk