# IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMMIE CAMERON, JR.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ERIC
JOHNSON, DISTRICT JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 77669



FILED

APR 2 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
        DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

In this original petition for a writ of mandamus, petitioner Timmie Cameron, Jr., seeks a writ of mandamus instructing the district court to reinstate his lower bail amount and the previously imposed conditions for his release.

Cameron argues that his case merits writ relief because the district court improperly increased the bail without a showing of good cause as required under NRS 178.499(1). "A writ of mandamus is available to compel the performance of an act that the law requires or to control a manifest abuse of discretion." *Int'l Fid. Ins. Co. ex rel. Blackjack Bonding, Inc. v. State*, 122 Nev. 39, 42, 126 P.3d 1133, 1134 (2006); *see also* NRS 34.160. "An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal

19-18693

quotation marks and citations omitted). A petitioner bears the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004), and whether to consider a writ of mandamus is ultimately within this court's discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). We exercise our discretion to consider this writ petition because Cameron has no other remedy at law, *see* NRS 34.170, and "judicial economy and sound judicial administration" weigh in favor of its consideration, *Armstrong*, 127 Nev. at 931, 267 P.3d at 779 (internal quotation omitted).

As the district court determined, it was not bound by the justice court's bail determination as the case was not bound over from justice court. However, once it transferred the bail and initially set it at the same amount as the justice court had and with the same conditions, the district court was required to show good cause for an increase of bail. *See* NRS 178.499(1) (requiring that a district court show good cause to increase bail after it has made an initial bail determination); NRS 178.498 (listing factors for consideration when setting bail); NRS 178.4853 (listing factors for considering release without bail).

We are not convinced that the district court engaged in a meaningful analysis of these factors. The justice court reviewed Cameron's arrest report and criminal history, and heard argument from the State regarding Cameron's 10-year-old conspiracy to commit aggravated stalking conviction. Nothing in the record shows that Cameron committed additional crimes in the 10 years leading up to this case or in the 11 days he was released on bail. Thus, the State's argument and the district court's conclusion that the justice court did not fully appreciate the circumstances

are belied by this record. Further, the district court did not articulate why its previously imposed bail in the amount of $25,000 with mid-level monitoring was insufficient to ensure Cameron's appearance. It is likewise not clear from the record before us why the district court concluded that Cameron was a flight risk or how the facts before it were substantially different than those before the justice court. Finally, its decision to increase bail four times over the initial amount, without considering Cameron's inability to pay and over his objection, seriously undermines NRS 178.498(2)'s requirement that district courts asses a defendant's inability to post bail *before* making a bail determination. Therefore we conclude that the district court acted arbitrarily and capriciously in increasing Cameron's bail and writ relief is thus warranted.

Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to show good cause for its increased bail under the above-mentioned factors.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Eric Johnson, District Judge
     The Pariente Law Firm, P.C.
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk