# IN THE SUPREME COURT OF THE STATE OF NEVADA

MAYSEN MELTON,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARY KAY HOLTHUS, DISTRICT
JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 81571

**FILED**

SEP 01 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

In this original petition for writ of mandamus, petitioner Maysen Melton challenges a district court order denying his motion for release on reasonable bail. Melton was certified as an adult in the Las Vegas Justice Court and charged with over 20 felonies based on sexual misconduct. In June 2017, the justice court granted Melton pretrial release under house arrest and other conditions. However, following a police report that indicated that Melton violated the terms of his release while under house arrest, the district court issued an indictment warrant in January 2018 for Melton's arrest and later set bail at $500,000.

In April 2020, after various motions and continuances, Melton filed another motion to reduce bail or transfer to house arrest in light of this court's decision in *Valdez-Jimenez v. Eighth Judicial District Court*, 136 Nev. 155, 460 P.3d 976 (2020). The district court denied his motion and maintained his bail at $500,000 because it found that Melton is a danger to

the community and there is no safe way to release him pending trial. This petition for writ of mandamus followed.[1]

"Writ relief is an extraordinary remedy, and it is within our discretion whether to entertain a petition seeking that relief." *City of Mesquite v. Eighth Judicial Dist. Court*, 135 Nev. 240, 242, 445 P.3d 1244, 1248 (2019). Because Melton seeks clarification of our recent decision in *Valdez-Jimenez* by arguing that our decision in *Valdez-Jimenez* essentially requires courts to set bail at an amount a defendant can afford, we elect to consider his writ petition. *See id.* at 243, 445 P.3d at 1248 (stating that this court will elect to entertain a petition for writ of mandamus "when an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition" (internal quotation marks omitted)).

We review a district court's pretrial release determination for an abuse of discretion. *See Valdez-Jimenez*, 136 Nev. at 161, 460 P.3d at 984. A district court's bail determination is a factual finding, which this court will not disturb unless it is not based on substantial evidence. *Int'l Fid. Ins. Co. v. State*, 122 Nev. 39, 42, 126 P.3d 1133, 1134-35 (2006). Article 1, sections 6 and 7 of the Nevada Constitution provide "a right to bail in a reasonable amount" to all "who are accused of committing noncapital, non-

---

[1]We generally decline to hear a moot case. *Valdez-Jimenez*, 136 Nev. at 158, 460 P.3d at 981 (2020). A case is moot when there is no longer an actual controversy to resolve such that this court's disposition on the matter would be an advisory opinion rather than an enforceable judgment. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010). Melton's trial date was originally scheduled for October 12, 2020, but a check of the district court's docket shows that Melton's jury trial has been reschedule to January 31, 2022. Because we decide Melton's petition before his trial will occur, his petition before this court is not moot.

first-degree-murder offenses." *Valdez-Jimenez*, 136 Nev. at 161-62, 460 P.3d at 984.

In *Valdez-Jimenez*, we established that for a district court to impose bail, it must first determine that the defendant is either a flight risk or a danger to the community and that the State has proven by clear and convincing evidence that no less restrictive alternatives will suffice. *Id.* at 162, 166, 460 P.3d at 984, 987. In determining bail, the court must consider the factors set forth in NRS 178.4853[2], "make findings of fact[,] and state its reasons for the bail decision on the record."[3] *Id.* at 166, 460 P.3d at 987. If, after considering these factors, "the [district] court finds that no combination of nonmonetary conditions would be sufficient to reasonably ensure the defendant's appearance or the safety of the community, then the court must determine the amount of bail that is necessary [to meet these interests.]" *Id.* at 164-65, 460 P.3d at 986.

Here, we conclude that the district court did not abuse its discretion by setting Melton's bail at $500,000 despite his indigence, nor was the district court's determination a violation of *Valdez-Jimenez*. There

---

[2]Although NRS 178.4853 was amended during the 2021 legislative session, we cite to the prior version that was in effect at the time of the relevant proceedings in the district court. *See* 2021 Nev. Stat., ch. 532, § 4.

[3]"Transcribed oral findings will satisfy this requirement as long as those findings provide a sufficient basis for the decision." *Valdez-Jimenez*, 136 Nev. at 166, 460 P.3d at 987. Here, although Melton did provide the challenged order for our review, *see Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (explaining that a written order is essential to this court's review of a petition for extraordinary writ relief); the district court's order was brief and did not specifically make findings. We thus reviewed the district court's oral findings of fact from the transcribed May 2019 hearing.

was clear and convincing evidence presented by the State to prove that alternative means are insufficient to protect the community. The record demonstrates that Melton has an extensive history of violent sexual crimes, as detailed in the grand jury transcripts alleging violent sexual assaults against multiple under-aged victims that were purported to have occurred between June 2016 and February 2017. Notably, Melton was accused of committing more sexual crimes against a new victim after he had previously been released on house arrest. As such, we conclude that substantial evidence supports the district court's factual findings that Melton is a danger to the community and there is no safe way to release him pending trial.

Furthermore, the district court properly considered the statutory factors and stated them on the record before making its determination. See NRS 173.4853 (listing factors district courts should consider when making bail determinations). The district court relied on the severity of the charges against Melton and the likelihood that he will be convicted. See NRS 178.4853(7) (listing as one of the factors "[t]he nature of the offense with which the person is charged, the apparent probability of conviction and the likely sentence, insofar as these factors relate to the risk of not appearing"). And Melton's due process right to a prompt individualized hearing was also satisfied as he had multiple individualized hearings and was represented by counsel who were able to make arguments and present evidence on his behalf. See Valdez-Jimenez, 136 Nev. at 166, 460 P.3d at 987 (requiring a prompt individualized hearing on the accused's custody status after arrest, the right to be represented by counsel, to testify, and to present evidence at that hearing when the State requests bail).

SUPREME COURT
OF
NEVADA

(O) 1947A

4

For the reasons set forth above, we conclude that the district court did not abuse its discretion when it denied Melton's motion for pretrial release or reduced bail. Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Mary Kay Holthus, District Judge
Law Office of Gabriel L. Grasso, P.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk